APPEAL,TYPE–L

# U.S. District Court
## District of Columbia (Washington, DC)
## CIVIL DOCKET FOR CASE #: <u>1:25–cv–00691–RCL</u>

KINGDOM et al v. TRUMP et al
Assigned to: Judge Royce C. Lamberth
Related Cases:  1:25–cv–00286–RCL
               1:25–cv–04322–RCL
Case in other court:  USCA, 26–05191
Cause: 28:1331 Fed. Question: Violation 5th & 8th Amendme

Date Filed: 03/07/2025
Jury Demand: None
Nature of Suit: 440 Civil Rights: Other
Jurisdiction: U.S. Government Defendant

**<u>Plaintiff</u>**

**ALISHEA SOPHIA KINGDOM**
*Reg. No. 13131–089*

represented by **Dale Melchert**
TRANSGENDER LAW CENTER
P.O. Box 70976
Oakland, CA 94612
510–587–9696
Email: <u>dale@transgenderlawcenter.org</u>
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Lynly Egyes**
TRANSGENDER LAW CENTER
594 Dean Street
Brooklyn, NY 11238
973–454–6325
Email: <u>lynly@transgenderlawcenter.org</u>
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Milo Inglehart**
TRANSGENDER LAW CENTER
594 Dean Street
Brooklyn, NY 11238
734–353–0805
Email: <u>milo@transgenderlawcenter.org</u>
*TERMINATED: 09/03/2025*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Aditi Shah**
AMERICAN CIVIL LIBERTIES UNION
OF DC
529 14th Street NW
Ste 722
Washington, DC 20045
202–457–0800
Email: <u>ashah@acludc.org</u>

*ATTORNEY TO BE NOTICED*

**Corene Thaedra Kendrick**
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION
915 15th St., NW
Washington, DC 20005
202–393–4930
Email: ckendrick@aclu.org
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**David C. Fathi**
AMERICAN CIVIL LIBERTIES UNION
915 15th St. N.W.
7th Floor
Washington, DC 20005
202–548–6603
Email: dfathi@aclu.org
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Elisa Epstein**
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION
915 15th St., NW
Washington, DC 20005
773–822–9786
Email: eepstein@aclu.org
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Leslie Cooper**
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION
125 Broad Street
18th Floor
New York, NY 10004
212–549–2584
Fax: 212–549–2650
Email: lcooper@aclu.org
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Li Nowlin–Sohl**
AMERICAN CIVIL LIBERTIES UNION
125 Broad St.
New York, NY 10004
206–348–3163
Email: lnowlin–sohl@aclu.org
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Maria Morris**
ACLU
915 15th Street NW
Washington, DC 20005
202−548−6607
Email: mmorris@aclu.org
*ATTORNEY TO BE NOTICED*

**Megan Noor**
TRANSGENDER LAW CENTER
P.O. Box 70976
Oakland, CA 94612
510−587−9696
Email: megan@transgenderlawcenter.org
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Shana Knizhnik**
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION
125 Broad Street
18th Floor
New York, NY 10004
917−716−0609
Email: sknizhnik@aclu.org
*ATTORNEY TO BE NOTICED*

**Shawn Thomas Meerkamper**
TRANSGENDER LAW CENTER
P.O. Box 70976
Oakland, CA 94612
510−587−9696
Email: shawn@transgenderlawcenter.org
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Michael Krevans Perloff**
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION OF THE DISTRICT OF
529 14th Street NW
Suite 722
Washington, DC 20045
202−457−0800
Email: mperloff@acludc.org
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**SOLO NICHOLS**                    represented by **Dale Melchert**
*Reg. No. 16212−040*                (See above for address)
                                    *LEAD ATTORNEY*
                                    *PRO HAC VICE*

3

*ATTORNEY TO BE NOTICED*

**Lynly Egyes**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Milo Inglehart**
(See above for address)
*TERMINATED: 09/03/2025*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Aditi Shah**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Corene Thaedra Kendrick**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**David C. Fathi**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Elisa Epstein**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Leslie Cooper**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Li Nowlin–Sohl**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Maria Morris**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Megan Noor**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Shana Knizhnik**

(See above for address)
*ATTORNEY TO BE NOTICED*

**Shawn Thomas Meerkamper**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Michael Krevans Perloff**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**JAS KAPULE**                           represented by **Dale Melchert**
*Reg. No. 97856–298; on behalf of*                        (See above for address)
*themselves and all others similarly*                     *LEAD ATTORNEY*
*situated*                                                *PRO HAC VICE*
                                                          *ATTORNEY TO BE NOTICED*

                                                          **Lynly Egyes**
                                                          (See above for address)
                                                          *LEAD ATTORNEY*
                                                          *ATTORNEY TO BE NOTICED*

                                                          **Milo Inglehart**
                                                          (See above for address)
                                                          *TERMINATED: 09/03/2025*
                                                          *LEAD ATTORNEY*
                                                          *ATTORNEY TO BE NOTICED*

                                                          **Aditi Shah**
                                                          (See above for address)
                                                          *ATTORNEY TO BE NOTICED*

                                                          **Corene Thaedra Kendrick**
                                                          (See above for address)
                                                          *PRO HAC VICE*
                                                          *ATTORNEY TO BE NOTICED*

                                                          **David C. Fathi**
                                                          (See above for address)
                                                          *PRO HAC VICE*
                                                          *ATTORNEY TO BE NOTICED*

                                                          **Elisa Epstein**
                                                          (See above for address)
                                                          *PRO HAC VICE*
                                                          *ATTORNEY TO BE NOTICED*

                                                          **Leslie Cooper**
                                                          (See above for address)
                                                          *PRO HAC VICE*

*ATTORNEY TO BE NOTICED*

**Li Nowlin–Sohl**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Maria Morris**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Megan Noor**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Shana Knizhnik**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Shawn Thomas Meerkamper**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Michael Krevans Perloff**
(See above for address)
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**DONALD J. TRUMP**                    represented by   **Jean Lin**
*in his official capacity as President of the*          U.S. DEPARTMENT OF JUSTICE
*United States*                                         Civil Division, Federal Programs Branch
                                                        1100 L Street, NW
                                                        Room 11532
                                                        Washington, DC 20005
                                                        (202) 514–3716
                                                        Fax: (202) 616–8470
                                                        Email: jean.lin@usdoj.gov
                                                        *LEAD ATTORNEY*
                                                        *ATTORNEY TO BE NOTICED*

                                                        **M. Jared Littman**
                                                        DOJ–CIV
                                                        1100 L Street NW
                                                        Washington, DC 20005
                                                        202–451–7478
                                                        Email: jared.littman2@usdoj.gov
                                                        *LEAD ATTORNEY*

*ATTORNEY TO BE NOTICED*

**Alexander James Yun**
U.S. Department of Justice
Federal Programs Branch
1100 L Street NW
Washington, DC 20005
202−305−8645
Email: Alex.Yun@usdoj.gov
*ATTORNEY TO BE NOTICED*

**Elizabeth Brooke Layendecker**
U.S. DEPARTMENT OF JUSTICE
1100 L Street NW
Washington, DC 20005
771−217−8107
Email: elizabeth.b.layendecker@usdoj.gov
*ATTORNEY TO BE NOTICED*

**John Robinson**
JACOBSON LAWYERS GROUP
5100 Wisconsin Ave., Suite 310
Washington, DC 20016
732−939−2537
Email: john@jacobsonlawyersgroup.com
*TERMINATED: 04/04/2025*
*ATTORNEY TO BE NOTICED*

**Defendant**

| | | |
|---|---|---|
| **PAMELA J. BONDI** | represented by | **Jean Lin** |
| *in her official capacity as Attorney* | | (See above for address) |
| *General of the United States* | | *LEAD ATTORNEY* |
| *TERMINATED: 04/30/2026* | | *ATTORNEY TO BE NOTICED* |

**M. Jared Littman**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Alexander James Yun**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Elizabeth Brooke Layendecker**
(See above for address)
*ATTORNEY TO BE NOTICED*

**John Robinson**
(See above for address)
*TERMINATED: 04/04/2025*
*ATTORNEY TO BE NOTICED*

**Defendant**

**WILLIAM W. LOTHROP**                    represented by    **Jean Lin**
*in his official capacity as Acting Director*                    (See above for address)
*of the Federal Bureau of Prisons*                    *LEAD ATTORNEY*
*TERMINATED: 04/30/2026*                    *ATTORNEY TO BE NOTICED*

                    **M. Jared Littman**
                    (See above for address)
                    *LEAD ATTORNEY*
                    *ATTORNEY TO BE NOTICED*

                    **Alexander James Yun**
                    (See above for address)
                    *ATTORNEY TO BE NOTICED*

                    **Elizabeth Brooke Layendecker**
                    (See above for address)
                    *ATTORNEY TO BE NOTICED*

                    **John Robinson**
                    (See above for address)
                    *TERMINATED: 04/04/2025*
                    *ATTORNEY TO BE NOTICED*

**Defendant**

**CHRISTOPHER A. BINA**                    represented by    **Jean Lin**
*in his official capacity as Assistant*                    (See above for address)
*Director for the Health Services Division*                    *LEAD ATTORNEY*
*of the Federal Bureau of Prisons*                    *ATTORNEY TO BE NOTICED*

                    **M. Jared Littman**
                    (See above for address)
                    *LEAD ATTORNEY*
                    *ATTORNEY TO BE NOTICED*

                    **Alexander James Yun**
                    (See above for address)
                    *ATTORNEY TO BE NOTICED*

                    **Elizabeth Brooke Layendecker**
                    (See above for address)
                    *ATTORNEY TO BE NOTICED*

                    **John Robinson**
                    (See above for address)
                    *TERMINATED: 04/04/2025*
                    *ATTORNEY TO BE NOTICED*

**Defendant**

                    represented by

**DANA R. DIGIACOMO**
*in her official capacity as Acting*
*Assistant Director of the Reentry Services*
*Division of the Federal Bureau of Prisons*

**Jean Lin**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**M. Jared Littman**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Alexander James Yun**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Elizabeth Brooke Layendecker**
(See above for address)
*ATTORNEY TO BE NOTICED*

**John Robinson**
(See above for address)
*TERMINATED: 04/04/2025*
*ATTORNEY TO BE NOTICED*

**Defendant**

**SHANE SALEM**                 represented by  **Jean Lin**
*in his official capacity as Assistant*                    (See above for address)
*Director of the Correctional Programs*                    *LEAD ATTORNEY*
*Division of the Federal Bureau of Prisons*                *ATTORNEY TO BE NOTICED*

**M. Jared Littman**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Alexander James Yun**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Elizabeth Brooke Layendecker**
(See above for address)
*ATTORNEY TO BE NOTICED*

**John Robinson**
(See above for address)
*TERMINATED: 04/04/2025*
*ATTORNEY TO BE NOTICED*

**Defendant**

**TODD BLANCHE**                 represented by  **M. Jared Littman**
*in his official capacity as Acting Attorney*                (See above for address)
*General of the United States*                              *LEAD ATTORNEY*

9

*ATTORNEY TO BE NOTICED*

**Defendant**

**WILLIAM K. MARSHALL, III**                    represented by   **M. Jared Littman**
*in his official capacity as Director of the*                    (See above for address)
*Federal Bureau of Prisons*                                      *LEAD ATTORNEY*
                                                                 *ATTORNEY TO BE NOTICED*

**Movant**

**CARLA C. KEYS**                               represented by   **CARLA C. KEYS**
*TERMINATED: 02/19/2026*                                         FEDERAL CORRECTIONAL
                                                                 INSITUTION
                                                                 P.O. BOX 5000
                                                                 Oakdale, LA 71463
                                                                 PRO SE

**Movant**

**JEREMY PINSON**                               represented by   **JEREMY PINSON**
*TERMINATED: 02/19/2026*                                         #16267–064
                                                                 FEDERAL CORRECTIONAL
                                                                 INSITUTION #1
                                                                 PO Box 1000
                                                                 Butner, NC 27509
                                                                 PRO SE

**Movant**

**ANTONIO CRAWFORD**                            represented by   **ANTONIO CRAWFORD**
*TERMINATED: 02/19/2026*                                         Reg. No. 43793–424
                                                                 METROPOLITAN CORRECTIONAL
                                                                 CENTER
                                                                 71 W. Van Burean Street
                                                                 Chicago, IL 60605
                                                                 PRO SE

**Movant**

**DAVID SIMPKINS**                              represented by   **DAVID SIMPKINS**
*TERMINATED: 02/19/2026*                                         Reg. No. 11208–028
                                                                 BUTNER MEDIUM
                                                                 FEDERAL CORRECTIONAL
                                                                 INSTITUTION
                                                                 Inmate Mail/Parcels
                                                                 P.O. BOX 1000
                                                                 BUTNER, NC 27509
                                                                 PRO SE

**Movant**

**DARNELL NASH**                                represented by   **DARNELL NASH**
*TERMINATED: 02/19/2026*                                         Reg. No. 31505–001
                                                                 COLEMAN II

U.S. PENITENTIARY
Inmate Mail/Parcels
P.O. BOX 1034
COLEMAN, FL 33521
PRO SE

**Movant**

**MICHAEL R. DYE**                      represented by   **MICHAEL R. DYE**
*TERMINATED: 02/19/2026*                                 Reg. No. 15252–042
                                                         BUTNER MEDIUM
                                                         FEDERAL CORRECTIONAL
                                                         INSTITUTION
                                                         Inmate Mail/Parcels
                                                         P.O. BOX 1000
                                                         BUTNER, NC 27509
                                                         PRO SE

**Movant**

**ELIJAH STONE**                        represented by   **ELIJAH STONE**
*TERMINATED: 02/19/2026*                                 R#21464–032
                                                         ASHLAND
                                                         FEDERAL CORRECTIONAL
                                                         INSTITUTION
                                                         Inmate Mail/Parcels
                                                         P.O. BOX 6001
                                                         ASHLAND, KY 41105
                                                         PRO SE

**Movant**

**WILLIE A. MILTON**                    represented by   **WILLIE A. MILTON**
*TERMINATED: 02/19/2026*                                 #561014
                                                         Terrell Unit
                                                         1300 FM 655 Road
                                                         Rosharon, TX 77583
                                                         PRO SE

**Movant**

**MICHELLE ALFORD**                     represented by   **MICHELLE ALFORD**
*TERMINATED: 02/19/2026*                                 R#05123–017
                                                         FAIRTON
                                                         FEDERAL CORRECTIONAL
                                                         INSTITUTION
                                                         Inmate Mail/Parcels
                                                         P.O. BOX 420
                                                         FAIRTON, NJ 08320
                                                         PRO SE

**Movant**

**OSCAR CONTRERAS AGUILAR**             represented by   **OSCAR CONTRERAS AGUILAR**
                                                         90039–053

11

COLEMAN II
U.S. PENITENTIARY
Inmate Mail/Parcels
P.O. BOX 1034
COLEMAN, FL 33521
PRO SE

**Movant**

**JOB GILLETTE**                    represented by    **JOB GILLETTE**
#42591–509
BUTNER MEDIUM
FEDERAL CORRECTIONAL
INSTITUTION
Inmate Mail/Parcels
P.O. BOX 1000
BUTNER, NC 27509
PRO SE

**Movant**

**ANDY QUINN GOODALL**              represented by    **ANDY QUINN GOODALL**
#11502–036
BUTNER MEDIUM
FEDERAL CORRECTIONAL
INSTITUTION
Inmate Mail/Parcels
P.O. BOX 1000
BUTNER, NC 27509
PRO SE

**Movant**

**MARISSA HUNT**                    represented by    **MARISSA HUNT**
#70092–097
MCCREARY UNITED STATES
PENITENTIARY
P.O. Box 3000
Pine Knot, KY 42635
PRO SE

**Amicus**

**STATE OF INDIANA**                represented by    **James Allen Barta**
OFFICE OF THE INDIANA ATTORNEY
GENERAL
302 West Washington Street
IGCS–5th Floor
Indianapolis, IN 46204
317–232–0709
Email: james.barta@atg.in.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Amicus**

**STATE OF IDAHO**                 represented by  **James Allen Barta**
                                                   (See above for address)
                                                   *LEAD ATTORNEY*
                                                   *ATTORNEY TO BE NOTICED*

**Amicus**

**STATE OF ALABAMA**               represented by  **James Allen Barta**
                                                   (See above for address)
                                                   *LEAD ATTORNEY*
                                                   *ATTORNEY TO BE NOTICED*

**Amicus**

**STATE OF ARKANSAS**              represented by  **James Allen Barta**
                                                   (See above for address)
                                                   *LEAD ATTORNEY*
                                                   *ATTORNEY TO BE NOTICED*

**Amicus**

**STATE OF FLORIDA**               represented by  **James Allen Barta**
                                                   (See above for address)
                                                   *LEAD ATTORNEY*
                                                   *ATTORNEY TO BE NOTICED*

**Amicus**

**STATE OF ALASKA**                represented by  **James Allen Barta**
                                                   (See above for address)
                                                   *LEAD ATTORNEY*
                                                   *ATTORNEY TO BE NOTICED*

**Amicus**

**STATE OF GEORGIA**               represented by  **James Allen Barta**
                                                   (See above for address)
                                                   *LEAD ATTORNEY*
                                                   *ATTORNEY TO BE NOTICED*

**Amicus**

**STATE OF IOWA**                  represented by  **James Allen Barta**
                                                   (See above for address)
                                                   *LEAD ATTORNEY*
                                                   *ATTORNEY TO BE NOTICED*

**Amicus**

**STATE OF KANSAS**                represented by  **James Allen Barta**
                                                   (See above for address)
                                                   *LEAD ATTORNEY*
                                                   *ATTORNEY TO BE NOTICED*

**Amicus**

**STATE OF LOUISIANA**                    represented by  **James Allen Barta**
                                                          (See above for address)
                                                          *LEAD ATTORNEY*
                                                          *ATTORNEY TO BE NOTICED*

**Amicus**

**STATE OF MISSISSIPPI**                  represented by  **James Allen Barta**
                                                          (See above for address)
                                                          *LEAD ATTORNEY*
                                                          *ATTORNEY TO BE NOTICED*

**Amicus**

**STATE OF MISSOURI**                     represented by  **James Allen Barta**
                                                          (See above for address)
                                                          *LEAD ATTORNEY*
                                                          *ATTORNEY TO BE NOTICED*

**Amicus**

**STATE OF MONTANA**                      represented by  **James Allen Barta**
                                                          (See above for address)
                                                          *LEAD ATTORNEY*
                                                          *ATTORNEY TO BE NOTICED*

**Amicus**

**STATE OF NEBRASKA**                     represented by  **James Allen Barta**
                                                          (See above for address)
                                                          *LEAD ATTORNEY*
                                                          *ATTORNEY TO BE NOTICED*

**Amicus**

**STATE OF NORTH DAKOTA**                 represented by  **James Allen Barta**
                                                          (See above for address)
                                                          *LEAD ATTORNEY*
                                                          *ATTORNEY TO BE NOTICED*

**Amicus**

**STATE OF OHIO**                         represented by  **James Allen Barta**
                                                          (See above for address)
                                                          *LEAD ATTORNEY*
                                                          *ATTORNEY TO BE NOTICED*

**Amicus**

**STATE OF OKLAHOMA**                     represented by  **James Allen Barta**
                                                          (See above for address)
                                                          *LEAD ATTORNEY*
                                                          *ATTORNEY TO BE NOTICED*

**Amicus**

**STATE OF SOUTH CAROLINA**       represented by   **James Allen Barta**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Amicus**

**STATE OF SOUTH DAKOTA**       represented by   **James Allen Barta**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Amicus**

**STATE OF TEXAS**       represented by   **James Allen Barta**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Amicus**

**STATE OF UTAH**       represented by   **James Allen Barta**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Amicus**

**COMMONWEALTH OF VIRGINIA**       represented by   **James Allen Barta**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Amicus**

**STATE OF WEST VIRGINIA**       represented by   **James Allen Barta**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Amicus**

**STATE OF WYOMING**       represented by   **James Allen Barta**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Amicus**

**COMMONWEALTH OF VIRGINIA**       represented by   **James Allen Barta**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 03/07/2025 | 1 | COMPLAINT against All Defendants ( Filing fee $ 405 receipt number ADCDC−11527728) filed by JAS KAPULE, SOLO NICHOLS, ALISHEA SOPHIA KINGDOM. (Attachments: # 1 Exhibit Implementing Memo 1, # 2 Exhibit Implementing Memo 2, # 3 Civil Cover Sheet, # 4 Related Case Form, # 5 Summons U.S. Att'y Martin, # 6 Summons Def. Bondi, # 7 Summons Def. Trump, # 8 Summons Def. Salem, # 9 Summons Def. Lothrop, # 10 Summons Def. DiGiacomo, # 11 Summons Def. Bina)(Perloff, Michael) (Entered: 03/07/2025) |
| 03/07/2025 | 2 | NOTICE OF RELATED CASE by ALISHEA SOPHIA KINGDOM, SOLO NICHOLS, JAS KAPULE. Case related to Case No. 25cv286. (znmw) (Entered: 03/10/2025) |
| 03/10/2025 | | Case Assigned to Judge Royce C. Lamberth. (znmw) (Entered: 03/10/2025) |
| 03/10/2025 | 3 | SUMMONS (7) Issued Electronically as to All Defendants, U.S. Attorney and U.S. Attorney General (Attachments: # 1 Notice and Consent)(znmw) (Entered: 03/10/2025) |
| 03/10/2025 | 4 | ERRATA *Refiled Complaint* by ALISHEA SOPHIA KINGDOM, SOLO NICHOLS, JAS KAPULE re 1 Complaint,,. (Attachments: # 1 Errata refiled complaint)(Perloff, Michael) (Entered: 03/10/2025) |
| 03/10/2025 | 5 | NOTICE of Appearance by Maria Morris on behalf of All Plaintiffs (Morris, Maria) (Main Document 5 replaced on 3/10/2025) (zdp). (Entered: 03/10/2025) |
| 03/17/2025 | 6 | RETURN OF SERVICE/AFFIDAVIT of Summons and Complaint Executed as to the United States Attorney. Date of Service Upon United States Attorney on 3/10/2025. Answer due for ALL FEDERAL DEFENDANTS by 5/9/2025. (Perloff, Michael) (Entered: 03/17/2025) |
| 03/17/2025 | 7 | MOTION for Preliminary Injunction *To Stay Agency Action, and To Provisionally Certify the Class* by ALISHEA SOPHIA KINGDOM, SOLO NICHOLS, JAS KAPULE. (Attachments: # 1 Memorandum in Support, # 2 Declaration Karasic, # 3 Declaration Thompson, # 4 Declaration Kingdom, # 5 Declaration Nichols, # 6 Declaration Kapule, # 7 Text of Proposed Order)(Perloff, Michael). Added MOTION to Certify Class, MOTION to Stay on 3/18/2025 (znmw). (Entered: 03/17/2025) |
| 03/17/2025 | 8 | MOTION to Certify Class by ALISHEA SOPHIA KINGDOM, SOLO NICHOLS, JAS KAPULE. (Attachments: # 1 Declaration Perloff, # 2 Declaration Faithi, # 3 Declaration Meerkamper, # 4 Text of Proposed Order)(Perloff, Michael) (Entered: 03/17/2025) |
| 03/19/2025 | 9 | MOTION for Leave to Appear Pro Hac Vice :Attorney Name− Li Nowlin−Sohl, Filing fee $ 100, receipt number ADCDC−11552458. Fee Status: Fee Paid. by ALISHEA SOPHIA KINGDOM, SOLO NICHOLS, JAS KAPULE. (Attachments: # 1 Declaration of Li Nowlin−Sohl, # 2 Certificate of Good Standing, # 3 Text of Proposed Order)(Perloff, Michael) (Entered: 03/19/2025) |
| 03/19/2025 | 10 | Consent MOTION for Extension of Time to File Response/Reply as to 7 MOTION for Preliminary Injunction *To Stay Agency Action, and To Provisionally Certify the Class* MOTION to Certify Class MOTION to Stay by DONALD J. TRUMP, PAMELA J. BONDI, WILLIAM W. LOTHROP, CHRISTOPHER A. BINA, DANA R. DIGIACOMO, SHANE SALEM. (Attachments: # 1 Text of Proposed Order)(Robinson, John) (Entered: 03/19/2025) |

16

| 03/19/2025 | 11 | MOTION for Leave to Appear Pro Hac Vice :Attorney Name– Leslie Cooper, Filing fee $ 100, receipt number ADCDC–11553503. Fee Status: Fee Paid. by ALISHEA SOPHIA KINGDOM, SOLO NICHOLS, JAS KAPULE. (Attachments: # 1 Declaration of Leslie Cooper, # 2 Certificate of Good Standing, # 3 Text of Proposed Order)(Perloff, Michael) (Attachment 1 replaced on 3/24/2025) (zdp). (Entered: 03/19/2025) |
| 03/19/2025 | 12 | ORDER granting 10 Motion for Extension of Time to File Response as to 7 MOTION for Preliminary Injunction *To Stay Agency Action, and To Provisionally Certify the Class*. Response due by 3/28/2025. Signed by Judge Royce C. Lamberth on 3/19/2025. (lcrcl3) (Entered: 03/19/2025) |
| 03/19/2025 | 13 | ORDER granting 9 Motion for Leave to Appear Pro Hac Vice **Counsel should register for e–filing via PACER and file a notice of appearance pursuant to LCvR 83.6(a)** Click for instructions. Signed by Judge Royce C. Lamberth on 3/19/2025. (lcrcl3) (Entered: 03/19/2025) |
| 03/19/2025 | 14 | ORDER granting 11 Motion for Leave to Appear Pro Hac Vice **Counsel should register for e–filing via PACER and file a notice of appearance pursuant to LCvR 83.6(a)** Click for instructions. Signed by Judge Royce C. Lamberth on 3/19/2025. (lcrcl3) (Entered: 03/19/2025) |
| 03/20/2025 | 15 | MOTION for Leave to Appear Pro Hac Vice :Attorney Name– Milo Inglehart, Filing fee $ 100, receipt number ADCDC–11554572. Fee Status: Fee Paid. by ALISHEA SOPHIA KINGDOM, SOLO NICHOLS, JAS KAPULE. (Attachments: # 1 Declaration of Milo Inglehart and Certificate of Good Standing, # 2 Text of Proposed Order)(Perloff, Michael) (Entered: 03/20/2025) |
| 03/20/2025 | 16 | MOTION for Leave to Appear Pro Hac Vice :Attorney Name– Lynly Egyes, Filing fee $ 100, receipt number ADCDC–11554583. Fee Status: Fee Paid. by ALISHEA SOPHIA KINGDOM, SOLO NICHOLS, JAS KAPULE. (Attachments: # 1 Declaration of Lynly Egyes (and certificate of good standing), # 2 Text of Proposed Order)(Perloff, Michael) (Attachment 1 replaced on 3/24/2025) (zdp). (Entered: 03/20/2025) |
| 03/20/2025 | 17 | MOTION for Leave to Appear Pro Hac Vice :Attorney Name– David Fathi, Filing fee $ 100, receipt number ADCDC–11555431. Fee Status: Fee Paid. by ALISHEA SOPHIA KINGDOM, SOLO NICHOLS, JAS KAPULE. (Attachments: # 1 Declaration of David Fathi, # 2 Certificate of Good Standing, # 3 Text of Proposed Order)(Morris, Maria) (Attachment 1 replaced on 3/24/2025) (zdp). (Entered: 03/20/2025) |
| 03/20/2025 | 18 | MOTION for Leave to Appear Pro Hac Vice :Attorney Name– Corene Kendrick, Filing fee $ 100, receipt number ADCDC–11555457. by ALISHEA SOPHIA KINGDOM, SOLO NICHOLS, JAS KAPULE. (Attachments: # 1 Declaration of Corene Kendrick, # 2 Certificate of Good Standing, # 3 Text of Proposed Order)(Morris, Maria) Modified docket text on 3/20/2025 (zdp). (Entered: 03/20/2025) |
| 03/20/2025 | | Filing fee received re 18 Motion to Appear Pro Hac: $ 100, receipt number: ADCDC–11555457. (zdp) (Entered: 03/20/2025) |
| 03/25/2025 | 19 | ORDER granting 16 Motion for Leave to Appear Pro Hac Vice **Counsel should register for e–filing via PACER and file a notice of appearance pursuant to LCvR 83.6(a)** Click for instructions. Signed by Judge Royce C. Lamberth on |

17

| | | |
|---|---|---|
| | | 3/20/2025. (lcrcl3) (Entered: 03/25/2025) |
| 03/25/2025 | 20 | ORDER granting 15 Motion for Leave to Appear Pro Hac Vice **Counsel should register for e−filing via PACER and file a notice of appearance pursuant to LCvR 83.6(a)** Click for instructions. Signed by Judge Royce C. Lamberth on 3/20/2025. (lcrcl3) (Entered: 03/25/2025) |
| 03/25/2025 | 21 | ORDER granting 17 Motion for Leave to Appear Pro Hac Vice **Counsel should register for e−filing via PACER and file a notice of appearance pursuant to LCvR 83.6(a)** Click for instructions. Signed by Judge Royce C. Lamberth on 3/20/2025. (lcrcl3) (Entered: 03/25/2025) |
| 03/25/2025 | 22 | ORDER granting 18 Motion for Leave to Appear Pro Hac Vice **Counsel should register for e−filing via PACER and file a notice of appearance pursuant to LCvR 83.6(a)** Click for instructions. Signed by Judge Royce C. Lamberth on 3/20/2025. (lcrcl3) (Entered: 03/25/2025) |
| 03/26/2025 | 23 | MOTION for Leave to Appear Pro Hac Vice :Attorney Name− Elisa Epstein, Filing fee $ 100, receipt number ADCDC−11567852. Fee Status: Fee Paid. by ALISHEA SOPHIA KINGDOM, SOLO NICHOLS, JAS KAPULE. (Attachments: # 1 Declaration of Elisa Epstein, # 2 Certificate of Good Standing, # 3 Text of Proposed Order)(Morris, Maria) (Entered: 03/26/2025) |
| 03/26/2025 | 24 | RETURN OF SERVICE/AFFIDAVIT of Summons and Complaint Executed on United States Attorney General. Date of Service Upon United States Attorney General 03/17/2025. (Perloff, Michael) (Entered: 03/26/2025) |
| 03/26/2025 | 25 | RETURN OF SERVICE/AFFIDAVIT of Summons and Complaint Executed. WILLIAM W. LOTHROP served on 3/17/2025 (Perloff, Michael) (Entered: 03/26/2025) |
| 03/26/2025 | 26 | RETURN OF SERVICE/AFFIDAVIT of Summons and Complaint Executed. DONALD J. TRUMP served on 3/25/2025 (Perloff, Michael) (Entered: 03/26/2025) |
| 03/26/2025 | 27 | RETURN OF SERVICE/AFFIDAVIT of Summons and Complaint Executed. SHANE SALEM served on 3/17/2025 (Perloff, Michael) (Entered: 03/26/2025) |
| 03/26/2025 | 28 | RETURN OF SERVICE/AFFIDAVIT of Summons and Complaint Executed. CHRISTOPHER A. BINA served on 3/17/2025 (Perloff, Michael) (Entered: 03/26/2025) |
| 03/26/2025 | 29 | RETURN OF SERVICE/AFFIDAVIT of Summons and Complaint Executed. DANA R. DIGIACOMO served on 3/20/2025 (Perloff, Michael) (Entered: 03/26/2025) |
| 03/27/2025 | 30 | ORDER granting 23 Motion for Leave to Appear Pro Hac Vice **Counsel should register for e−filing via PACER and file a notice of appearance pursuant to LCvR 83.6(a)** Click for instructions. Signed by Judge Royce C. Lamberth on 3/26/2025. (lcrcl3) (Entered: 03/27/2025) |
| 03/27/2025 | 31 | NOTICE of Appearance by Li Nowlin−Sohl on behalf of All Plaintiffs (Nowlin−Sohl, Li) (Main Document 31 replaced on 3/28/2025) (zdp). (Entered: 03/27/2025) |
| 03/27/2025 | 32 | NOTICE of Appearance by Leslie Cooper on behalf of All Plaintiffs (Cooper, Leslie) (Main Document 32 replaced on 3/28/2025) (zdp). (Entered: 03/27/2025) |
| 03/28/2025 | 33 | |

18

| | | NOTICE of Appearance by Elisa Epstein on behalf of All Plaintiffs (Epstein, Elisa) (Entered: 03/28/2025) |
|---|---|---|
| 03/28/2025 | 34 | NOTICE of Appearance by Corene Thaedra Kendrick on behalf of All Plaintiffs (Kendrick, Corene) (Entered: 03/28/2025) |
| 03/28/2025 | 35 | NOTICE of Appearance by David C. Fathi on behalf of All Plaintiffs (Fathi, David) (Entered: 03/28/2025) |
| 03/28/2025 | 36 | Memorandum in opposition to re 8 Motion to Certify Class, 7 Motion for Preliminary Injunction,, Motion to Certify Class,, Motion to Stay, filed by DONALD J. TRUMP, PAMELA J. BONDI, WILLIAM W. LOTHROP, CHRISTOPHER A. BINA, DANA R. DIGIACOMO, SHANE SALEM. (Attachments: # 1 Declaration of Chris A Bina, # 2 Exhibit 1 – Program Statement 6010.05, # 3 Text of Proposed Order)(Robinson, John) (Entered: 03/28/2025) |
| 03/28/2025 | 37 | MOTION for Leave to Appear Pro Hac Vice :Attorney Name– Shawn Thomas Meerkamper, Filing fee $ 100, receipt number ADCDC–11576688. Fee Status: Fee Paid. by ALISHEA SOPHIA KINGDOM, SOLO NICHOLS, JAS KAPULE. (Attachments: # 1 Declaration of Shawn Thomas Meerkamper, # 2 Text of Proposed Order)(Perloff, Michael) (Entered: 03/28/2025) |
| 03/28/2025 | 38 | MOTION for Leave to Appear Pro Hac Vice :Attorney Name– Megan Z.F. Noor, Filing fee $ 100, receipt number ADCDC–11576691. Fee Status: Fee Paid. by ALISHEA SOPHIA KINGDOM, SOLO NICHOLS, JAS KAPULE. (Attachments: # 1 Declaration of Megan Z.F. Noor, # 2 Text of Proposed Order)(Perloff, Michael) (Entered: 03/28/2025) |
| 03/31/2025 | 39 | NOTICE of Appearance by Elizabeth Brooke Layendecker on behalf of All Defendants (Layendecker, Elizabeth) (Main Document 39 replaced on 4/1/2025) (zdp). (Entered: 03/31/2025) |
| 04/01/2025 | 40 | NOTICE of Appearance by Alexander James Yun on behalf of All Defendants (Yun, Alexander) (Main Document 40 replaced on 4/1/2025) (zdp). (Entered: 04/01/2025) |
| 04/01/2025 | 41 | NOTICE of Appearance by Lynly Egyes on behalf of All Plaintiffs (Egyes, Lynly) (Main Document 41 replaced on 4/1/2025) (zdp). (Entered: 04/01/2025) |
| 04/01/2025 | 42 | NOTICE of Appearance by Milo Inglehart on behalf of All Plaintiffs (Inglehart, Milo) (Main Document 42 replaced on 4/1/2025) (zdp). (Entered: 04/01/2025) |
| 04/01/2025 | 43 | ENTEREDIN ERROR.....NOTICE of Appearance by James Allen Barta on behalf of STATE OF INDIANA, STATE OF IDAHO, STATE OF ALABAMA, STATE OF ARKANSAS, STATE OF FLORIDA, STATE OF ALASKA, STATE OF GEORGIA, STATE OF IOWA, STATE OF KANSAS, STATE OF LOUISIANA, STATE OF MISSISSIPPI, STATE OF MISSOURI, STATE OF MONTANA, STATE OF NEBRASKA, STATE OF NORTH DAKOTA, STATE OF OHIO, STATE OF OKLAHOMA, STATE OF SOUTH CAROLINA, STATE OF SOUTH DAKOTA, STATE OF TEXAS, STATE OF UTAH, COMMONWEALTH OF VIRGINIA, STATE OF WEST VIRGINIA, STATE OF WYOMING (Barta, James) Modified on 4/2/2025; refiled at docket entry 44 (zdp). (Entered: 04/01/2025) |
| 04/01/2025 | 44 | NOTICE of Appearance by James Allen Barta on behalf of COMMONWEALTH OF VIRGINIA, STATE OF INDIANA, STATE OF IDAHO, STATE OF ALABAMA, STATE OF ARKANSAS, STATE OF FLORIDA, STATE OF ALASKA, STATE OF GEORGIA, STATE OF IOWA, STATE OF KANSAS, STATE OF |

| | | |
|---|---|---|
| | | LOUISIANA, STATE OF MISSISSIPPI, STATE OF MISSOURI, STATE OF MONTANA, STATE OF NEBRASKA, STATE OF NORTH DAKOTA, STATE OF OHIO, STATE OF OKLAHOMA, STATE OF SOUTH CAROLINA, STATE OF SOUTH DAKOTA, STATE OF TEXAS, STATE OF UTAH, STATE OF WEST VIRGINIA, STATE OF WYOMING (Barta, James) (Entered: 04/01/2025) |
| 04/01/2025 | 45 | AMICUS BRIEF *in Support of Defendants* by STATE OF INDIANA, STATE OF IDAHO, STATE OF ALABAMA, STATE OF ARKANSAS, STATE OF FLORIDA, STATE OF ALASKA, STATE OF GEORGIA, STATE OF IOWA, STATE OF KANSAS, STATE OF LOUISIANA, STATE OF MISSISSIPPI, STATE OF MISSOURI, STATE OF MONTANA, STATE OF NEBRASKA, STATE OF NORTH DAKOTA, STATE OF OHIO, STATE OF OKLAHOMA, STATE OF SOUTH CAROLINA, STATE OF SOUTH DAKOTA, STATE OF TEXAS, STATE OF UTAH, STATE OF WEST VIRGINIA, STATE OF WYOMING, COMMONWEALTH OF VIRGINIA. (Barta, James) (Entered: 04/01/2025) |
| 04/03/2025 | 46 | NOTICE of Appearance by Shana Knizhnik on behalf of All Plaintiffs (Knizhnik, Shana) (Main Document 46 replaced on 4/4/2025) (zdp). (Entered: 04/03/2025) |
| 04/04/2025 | 47 | MOTION for Leave to File *SUPPLEMENTAL DECLARATIONS IN SUPPORT OF MOTION FOR PRELIMINARY INJUNCTION, TO STAY AGENCY ACTION, AND FOR PROVISIONAL CLASS CERTIFICATION* by JAS KAPULE, ALISHEA SOPHIA KINGDOM, SOLO NICHOLS. (Attachments: # 1 Exhibit Supplemental Kingdom Declaration, # 2 Exhibit Supplemental Nichols Declaration, # 3 Exhibit Supplemental Kapule Declaration, # 4 Exhibit Supplemental Karasic Declaration, # 5 Exhibit Satyagrahi Declaration, # 6 Exhibit DiCiesare Declaration, # 7 Text of Proposed Order)(Perloff, Michael) (Entered: 04/04/2025) |
| 04/04/2025 | 48 | REPLY to opposition to motion re 7 Motion for Preliminary Injunction,, Motion to Certify Class,, Motion to Stay, filed by JAS KAPULE, ALISHEA SOPHIA KINGDOM, SOLO NICHOLS. (Perloff, Michael) (Entered: 04/04/2025) |
| 04/04/2025 | 49 | REPLY to opposition to motion re 8 Motion to Certify Class filed by JAS KAPULE, ALISHEA SOPHIA KINGDOM, SOLO NICHOLS. (Perloff, Michael) (Entered: 04/04/2025) |
| 04/04/2025 | 50 | STIPULATION re 8 MOTION to Certify Class , 7 MOTION for Preliminary Injunction *To Stay Agency Action, and To Provisionally Certify the Class* MOTION to Certify Class MOTION to Stay *Regarding Hearing on the Motions* by JAS KAPULE, ALISHEA SOPHIA KINGDOM, SOLO NICHOLS. (Perloff, Michael) (Entered: 04/04/2025) |
| 04/04/2025 | 51 | NOTICE OF WITHDRAWAL OF APPEARANCE as to CHRISTOPHER A. BINA, PAMELA J. BONDI, DANA R. DIGIACOMO, WILLIAM W. LOTHROP, SHANE SALEM, DONALD J. TRUMP. Attorney John Robinson terminated. (Robinson, John) (Entered: 04/04/2025) |
| 04/09/2025 | 52 | Consent MOTION for Leave to File *Sur–Reply in Opposition to Plaintiffs' Motion for a Preliminary Injunction, to Stay Agency Action, and for Provisional Class Certification* by CHRISTOPHER A. BINA, PAMELA J. BONDI, DANA R. DIGIACOMO, WILLIAM W. LOTHROP, SHANE SALEM, DONALD J. TRUMP. (Attachments: # 1 Exhibit A, # 2 Text of Proposed Order)(Yun, Alexander) (Entered: 04/09/2025) |
| 04/16/2025 | 53 | |

20

| | | |
|---|---|---|
| | | MOTION for Leave to Appear Pro Hac Vice :Attorney Name– James Esseks, Filing fee $ 100, receipt number ADCDC–11620366. Fee Status: Fee Paid. by JAS KAPULE, ALISHEA SOPHIA KINGDOM, SOLO NICHOLS. (Attachments: # 1 Declaration of James Esseks, # 2 Certificate of Good Standing, # 3 Text of Proposed Order)(Perloff, Michael) (Entered: 04/16/2025) |
| 04/28/2025 | 54 | ORDER: Upon consideration of the plaintiffs' Motion 47 for Leave to File Supplemental Declarations, and the entire record herein, it is hereby ORDERED that the Motion is GRANTED; and it is further ORDERED that the supplemental declarations filed with the plaintiffs' Motion shall be docketed and considered part of the record. Signed by Judge Royce C. Lamberth on 04/28/2025. (lcrcl2) (Entered: 04/28/2025) |
| 04/28/2025 | 55 | ORDER: Upon consideration of the defendants' Consent Motion 52 for Leave to File a Sur–reply, and the entire record herein, it is hereby ORDERED that the Motion is GRANTED. Signed by Judge Royce C. Lamberth on 04/28/2025. (lcrcl2) (Entered: 04/28/2025) |
| 04/28/2025 | 56 | SUPPLEMENTAL DECLARATION by JAS KAPULE, ALISHEA SOPHIA KINGDOM, SOLO NICHOLS re 7 MOTION for Preliminary Injunction *To Stay Agency Action, and To Provisionally Certify the Class* MOTION to Certify Class MOTION to Stay. (Attachments: # 1 Declaration, # 2 Declaration, # 3 Declaration, # 4 Declaration, # 5 Declaration)(zdp) (Entered: 04/29/2025) |
| 04/29/2025 | 57 | Consent MOTION for Extension of Time to File Answer by CHRISTOPHER A. BINA, PAMELA J. BONDI, DANA R. DIGIACOMO, WILLIAM W. LOTHROP, SHANE SALEM, DONALD J. TRUMP. (Attachments: # 1 Text of Proposed Order)(Yun, Alexander) (Entered: 04/29/2025) |
| 05/06/2025 | 58 | ORDER: Upon consideration of the Consent Motion 57 for an Extension of Time to Respond to the Complaint, and the entire record herein, it is hereby ORDERED that the Motion is GRANTED; and it is further ORDERED that the defendants shall respond to the plaintiffs' complaint within three weeks of this Court's ruling on the plaintiffs' Motion 7 for a Preliminary Injunction, to Stay Agency Action, and for Provisional Class Certification. Signed by Judge Royce C. Lamberth on 05/06/2025. (lcrcl2) (Main Document 58 replaced on 5/6/2025) (zsmc). (Entered: 05/06/2025) |
| 05/08/2025 | 59 | MOTION for Leave to File *Additional Supplemental Declarations in Support of Plaintiffs' Motion for Preliminary Injunction, To Stay Agency Action, and for Provisional Class Certification* by JAS KAPULE, ALISHEA SOPHIA KINGDOM, SOLO NICHOLS. (Attachments: # 1 Exhibit 1 – Declaration of Rebecca–James Meskill, # 2 Exhibit 2 – Declaration of Grace Pinson, # 3 Text of Proposed Order)(Perloff, Michael) (Entered: 05/08/2025) |
| 05/13/2025 | 60 | Consent MOTION for Leave to File *Supplemental Declaration in Response to Plaintiffs' Supplemental Declarations and to File the Declaration Under Seal* by CHRISTOPHER A. BINA, PAMELA J. BONDI, DANA R. DIGIACOMO, WILLIAM W. LOTHROP, SHANE SALEM, DONALD J. TRUMP. (Attachments: # 1 Text of Proposed Order)(Yun, Alexander) (Entered: 05/13/2025) |
| 05/13/2025 | 61 | SEALED DOCUMENT filed by CHRISTOPHER A. BINA, PAMELA J. BONDI, DANA R. DIGIACOMO, WILLIAM W. LOTHROP, SHANE SALEM, DONALD J. TRUMP re 60 Consent MOTION for Leave to File *Supplemental Declaration in Response to Plaintiffs' Supplemental Declarations and to File the Declaration Under Seal* (This document is SEALED and only available to authorized persons.)(Yun, |

| | | |
|---|---|---|
| | | Alexander) (Entered: 05/13/2025) |
| 05/15/2025 | 62 | ORDER: Upon consideration of the plaintiffs' Motion 59 for Leave to File Additional Supplemental Declarations and the entire record herein, it is hereby ORDERED that the Motion is GRANTED; and it is further ORDERED that the clerk shall docket the declarations filed with the plaintiffs' Motion. Signed by Judge Royce C. Lamberth on 05/14/2025. (lcrcl2) Modified to correct date signed on 5/16/2025 (smc). (Entered: 05/15/2025) |
| 05/15/2025 | 63 | ORDER: Upon consideration of the defendants' Consent Motion 60 for Leave to File Supplemental Declarations, and the entire record herein, it is hereby ORDERED that the Motion is GRANTED. Signed by Judge Royce C. Lamberth on 05/14/2025. (lcrcl2) (Entered: 05/15/2025) |
| 05/15/2025 | 64 | SUPPLEMENTAL DECLARATION by JAS KAPULE, ALISHEA SOPHIA KINGDOM, SOLO NICHOLS re 59 MOTION for Leave to File *Additional Supplemental Declarations in Support of Plaintiffs' Motion for Preliminary Injunction, To Stay Agency Action, and for Provisional Class Certification.* (Attachments: # 1 Declaration)(zdp) (Entered: 05/16/2025) |
| 05/16/2025 | 65 | NOTICE of Appearance by Jean Lin on behalf of All Defendants (Lin, Jean) (Main Document 65 replaced on 5/19/2025) (zdp). (Entered: 05/16/2025) |
| 05/16/2025 | 66 | NOTICE of Appearance by Aditi Shah on behalf of All Plaintiffs (Shah, Aditi) (Main Document 66 replaced on 5/19/2025) (zdp). (Entered: 05/16/2025) |
| 05/18/2025 | | NOTICE of Hearing: Motion Hearing, re: 7 Motion for Preliminary Injunction and 8 Motion to Certify Class, is set for 5/22/2025 at 10:00 AM in Courtroom 15 (In Person) before Judge Royce C. Lamberth. (lcrcl2) (Entered: 05/18/2025) |
| 05/22/2025 | | Minute Entry for proceedings held before Judge Royce C. Lamberth: Motion Hearing held on 5/22/2025 re: 7 Motion for Preliminary Injunction and 8 Motion to Certify Class. The Court Heard Oral Arguments From The Parties. (Court Reporter BRYAN WAYNE.) (mac) (Entered: 05/22/2025) |
| 06/03/2025 | 67 | MEMORANDUM OPINION. Signed by Judge Royce C. Lamberth on 6/3/2025. (lcrcl3) (Entered: 06/03/2025) |
| 06/03/2025 | 68 | ORDER granting 7 Motion for Preliminary Injunction; granting 8 Motion to Certify Class. See Order and accompanying Memorandum Opinion for details. Signed by Judge Royce C. Lamberth on 6/3/2025. (lcrcl3) (Entered: 06/03/2025) |
| 06/06/2025 | 69 | TRANSCRIPT OF PRELIMINARY INJUNCTION HEARING before Judge Royce C. Lamberth held on May 22, 2025; Page Numbers: 1–83. Date of Issuance: 6/6/2025. Court Reporter: Bryan A. Wayne. Transcripts may be ordered by submitting the Transcript Order Form<br><br>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi−page, condensed, CD or ASCII) may be purchased from the court reporter.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty−one days to file with the court and the court reporter any request to redact personal |

| | | |
|---|---|---|
| | | identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<br><br>Redaction Request due 6/27/2025. Redacted Transcript Deadline set for 7/7/2025. Release of Transcript Restriction set for 9/4/2025.(Wayne, Bryan) (Entered: 06/06/2025) |
| 06/16/2025 | 70 | **REQUEST FOR LEAVE TO FILE REVIEW.** The attached document requires leave to file: Letter; Elijah Stone. Reason(s): Filer is not a party to the case. (zdp) (Entered: 06/18/2025) |
| 06/24/2025 | 71 | ANSWER to Complaint by CHRISTOPHER A. BINA, PAMELA J. BONDI, DANA R. DIGIACOMO, WILLIAM W. LOTHROP, SHANE SALEM, DONALD J. TRUMP.(Yun, Alexander) (Entered: 06/24/2025) |
| 06/27/2025 | 72 | NOTICE of Appearance by M. Jared Littman on behalf of All Defendants (Littman, M.) (Main Document 72 replaced on 6/27/2025) (zdp). (Entered: 06/27/2025) |
| 07/01/2025 | 73 | Joint MOTION for Protective Order by JAS KAPULE, ALISHEA SOPHIA KINGDOM, SOLO NICHOLS. (Attachments: # 1 Proposed Qualified Protective Order)(Kendrick, Corene) (Entered: 07/01/2025) |
| 07/03/2025 | 74 | ORDER: The Court, having reviewed 73 Motion for Qualified Protective Order and the entire record, and finding good cause to grant the request, hereby ORDERS that the motion is GRANTED as set forth herein. Signed by Judge Royce C. Lamberth on 07/03/2025. (Attachments: # 1 Exhibit Sample Agreement) (lcrcl2) (Entered: 07/03/2025) |
| 07/14/2025 | 75 | MOTION to Intervene, MOTION for Injunction, MOTION for Order to Show Cause, MOTION to Compel by CARLA C. KEYS. (zdp) (Entered: 07/16/2025) |
| 07/21/2025 | 76 | **REQUEST FOR LEAVE TO FILE REVIEW.** The attached document requires leave to file: Letter; Willie A. Milton. Reason(s): Filer is not a party to the case. (zdp) (Entered: 07/22/2025) |
| 08/04/2025 | 77 | **REQUEST FOR LEAVE TO FILE REVIEW.** The attached document requires leave to file: Notice of Letter; Carla Keys. Reason(s): Filer is not a party to the case. (zdp) (Entered: 08/07/2025) |
| 08/08/2025 | 78 | MOTION for Preliminary Injunction *(Renewed)* by JAS KAPULE, ALISHEA SOPHIA KINGDOM, SOLO NICHOLS. (Attachments: # 1 Memorandum in Support, # 2 Declaration of Corene T. Kendrick, # 3 Text of Proposed Order)(Kendrick, Corene) (Entered: 08/08/2025) |
| 08/20/2025 | 79 | ORDER: Upon consideration of the plaintiffs' Motion 78 for a Renewed Preliminary Injunction and the entire record herein, it is hereby ORDERED that the Motion is GRANTED; and it is further ORDERED that the defendants are ENJOINED from implementing Section 4(c) of Executive Order 14168 against any class member from September 1, 2025 to November 30, 2025. See Order for details.Signed by Judge Royce C. Lamberth on 08/20/2025. (lcrcl1) (Entered: 08/20/2025) |
| 08/25/2025 | 81 | MOTION for Leave to File Amended Motion to Intervene by CARLA C. KEYS. (Attachments: # 1 Exhibit)(mg) (Entered: 09/09/2025) |

| 09/03/2025 | 80 | NOTICE of Withdrawal as Attorney by JAS KAPULE, ALISHEA SOPHIA KINGDOM, SOLO NICHOLS. (Inglehart, Milo) Modified event on 9/4/2025 (znmw). (Entered: 09/03/2025) |
|---|---|---|
| 09/09/2025 | 82 | MEET AND CONFER STATEMENT. (Attachments: # 1 Text of Proposed Order)(Perloff, Michael) (Entered: 09/09/2025) |
| 09/15/2025 | 83 | **REQUEST FOR LEAVE TO FILE REVIEW.** The attached document requires leave to file: MICHELLE ALFORD – Motion to Amend Preliminary Injunction Order. Reason(s): Filer is not a party to the case. (znmw) (Entered: 09/17/2025) |
| 09/16/2025 | 85 | **REQUEST FOR LEAVE TO FILE REVIEW.** The attached document requires leave to file: CARLA KEYS – Motion for Partial Summary Judgment. Reason(s): Filer is not a party to the case; Motion to Intervene pending. (znmw) (Entered: 09/19/2025) |
| 09/18/2025 | 86 | MOTION to Intervene by JEREMY PINSON. (znmw) (Entered: 09/19/2025) |
| 09/19/2025 | 84 | MOTION Exemption Pursuant to LCvR 16.3(b)(1) by CHRISTOPHER A. BINA, PAMELA J. BONDI, DANA R. DIGIACOMO, WILLIAM W. LOTHROP, SHANE SALEM, DONALD J. TRUMP. (Littman, M.) (Entered: 09/19/2025) |
| 09/19/2025 | 87 | MOTION for Scheduling Order *Setting Discovery Schedule* by JAS KAPULE, ALISHEA SOPHIA KINGDOM, SOLO NICHOLS. (Attachments: # 1 Text of Proposed Order, # 2 Declaration)(Perloff, Michael) Modified event on 9/22/2025 (znmw). (Entered: 09/19/2025) |
| 10/03/2025 | 88 | NOTICE *of Modified Briefing Schedule* by JAS KAPULE, ALISHEA SOPHIA KINGDOM, SOLO NICHOLS re 82 Meet and Confer Statement (Perloff, Michael) (Entered: 10/03/2025) |
| 10/15/2025 | | MINUTE ORDER granting 37 Motion for Leave to Appear Pro Hac Vice. **Counsel should register for e–filing via PACER and file a notice of appearance pursuant to LCvR 83.6(a).** Click for instructions. Signed by Judge Royce C. Lamberth on 10/15/2025. (lcrcl1) (Entered: 10/15/2025) |
| 10/15/2025 | | MINUTE ORDER granting 38 Motion for Leave to Appear Pro Hac Vice. **Counsel should register for e–filing via PACER and file a notice of appearance pursuant to LCvR 83.6(a).** Click for instructions. Signed by Judge Royce C. Lamberth on 10/15/2025. (lcrcl1) (Entered: 10/15/2025) |
| 10/15/2025 | | MINUTE ORDER granting 53 Motion for Leave to Appear Pro Hac Vice. **Counsel should register for e–filing via PACER and file a notice of appearance pursuant to LCvR 83.6(a).** Click for instructions. Signed by Judge Royce C. Lamberth on 10/15/2025. (lcrcl1) (Entered: 10/15/2025) |
| 10/20/2025 | 89 | NOTICE of Appearance by Shawn Thomas Meerkamper on behalf of All Plaintiffs (Meerkamper, Shawn) (Main Document 89 replaced on 10/21/2025) (znmw). (Entered: 10/20/2025) |
| 10/21/2025 | 90 | NOTICE of Appearance by Megan Noor on behalf of All Plaintiffs (Noor, Megan) (Main Document 90 replaced on 10/22/2025) (znmw). (Entered: 10/21/2025) |
| 10/27/2025 | 91 | MOTION to Intervene as Plaintiff by ANTONIO CRAWFORD. (Attachments: # 1 Envelope)(znmw) (Entered: 10/29/2025) |
| 10/27/2025 | 92 | |

| | | |
|---|---|---|
| | | MOTION to Intervene as Plaintiff by DAVID SIMPKINS. (Attachments: # 1 Envelope)(znmw) (Entered: 10/29/2025) |
| 10/31/2025 | 93 | MOTION for Preliminary Injunction *(Renewed)* by JAS KAPULE, ALISHEA SOPHIA KINGDOM, SOLO NICHOLS. (Attachments: # 1 Memo ISO Motion for Renewed PI, # 2 Declaration of Corene Kendrick ISO Motion for Renewed PI, # 3 Text of Proposed Order)(Kendrick, Corene) (Entered: 10/31/2025) |
| 11/03/2025 | 95 | MOTION to Intervene as Plaintiff by MICHAEL R. DYE. (Attachments: # 1 Envelope)(znmw) (Entered: 11/05/2025) |
| 11/04/2025 | 94 | MOTION to Intervene as Plaintiff by DARNELL NASH. (Attachments: # 1 Exhibit, # 2 Envelope)(znmw) (Entered: 11/05/2025) |
| 11/17/2025 | 96 | ORDER: Upon consideration of the plaintiffs' Motion 93 for a Renewed Preliminary Injunction and the entire record herein, it is hereby ORDERED that the Motion is GRANTED; and it is further ORDERED that the defendants are ENJOINED from implementing Section 4(c) of Executive Order 14168 against any class member from December 1, 2025 to March 1, 2026. See Order for details. Signed by Judge Royce C. Lamberth on 11/17/2025. (lcrcl1) (Entered: 11/17/2025) |
| 11/18/2025 | | MINUTE ORDER re **70 Request for Leave to File Review, 76 Request for Leave to File Review, 83 Request for Leave to File Review, 85 Request for Leave to File Review.** Leave to file is granted. The Clerk is directed to file the attached documents on the public docket. Signed by Judge Royce C. Lamberth on 11/18/2025. (lcrcl1) (Entered: 11/18/2025) |
| 11/18/2025 | 97 | NOTICE to the Court by ELIJAH STONE (znmw) (Entered: 11/24/2025) |
| 11/18/2025 | 98 | NOTICE of Request for Attorney Information by WILLIE A. MILTON (znmw) (Entered: 11/24/2025) |
| 11/18/2025 | 99 | MOTION to Amend/Correct 68 Order on Motion for Preliminary Injunction, Order on Motion to Certify Class, Order on Motion to Stay by MICHELLE ALFORD. (znmw) (Entered: 11/24/2025) |
| 11/18/2025 | 100 | MOTION for Partial Summary Judgment by CARLA C. KEYS. (znmw) (Entered: 11/24/2025) |
| 11/24/2025 | 101 | ORDER: Plaintiffs' counsel are ORDERED to provide a status report by 12/22/2025. Defendants shall have until 1/12/2026 to respond. See Order for more details. Signed by Judge Royce C. Lamberth on 11/24/2025. (lcrcl1) (Entered: 11/24/2025) |
| 11/25/2025 | 102 | REPLY to opposition to motion re 87 Motion for Scheduling Order filed by JAS KAPULE, ALISHEA SOPHIA KINGDOM, SOLO NICHOLS. (Perloff, Michael) (Entered: 11/25/2025) |
| 11/25/2025 | 103 | Memorandum in opposition to re 84 MOTION Exemption Pursuant to LCvR 16.3(b)(1) filed by JAS KAPULE, ALISHEA SOPHIA KINGDOM, SOLO NICHOLS. (Perloff, Michael) (Entered: 11/25/2025) |
| 11/25/2025 | 104 | Memorandum in opposition to re 87 MOTION for Scheduling Order *and in support of 84 MOTION for Exemption Pursuant to LCvR 16.3(b)(1)* filed by CHRISTOPHER A. BINA, PAMELA J. BONDI, DANA R. DIGIACOMO, WILLIAM W. LOTHROP, SHANE SALEM, DONALD J. TRUMP. (Layendecker, Elizabeth) (Entered: 11/25/2025) |

| 11/25/2025 | 105 | REPLY to opposition to motion re 84 Motion for Miscellaneous Relief filed by CHRISTOPHER A. BINA, PAMELA J. BONDI, DANA R. DIGIACOMO, WILLIAM W. LOTHROP, SHANE SALEM, DONALD J. TRUMP. (See Docket Entry 104 to view document).(znmw) (Entered: 12/01/2025) |
| 12/01/2025 | 106 | **REQUEST FOR LEAVE TO FILE REVIEW.** The attached document requires leave to file: OSCAR CONTRERAS AGUILAR – Notice and Motion for Order To Show Cause. Reason(s): Filer is not a party to the case. (znmw) (Entered: 12/09/2025) |
| 12/22/2025 | 107 | STATUS REPORT by JAS KAPULE, ALISHEA SOPHIA KINGDOM, SOLO NICHOLS. (Attachments: # 1 Declaration Declaration of Megan Z. F. Noor, # 2 Declaration Declaration of Grace Pinson, # 3 Declaration Declaration of Mya Dye, # 4 Declaration Declaration of Valerie Simpkins, # 5 Declaration Declaration of Matthew Williamson, # 6 Declaration Declaration of Justine Finley, # 7 Declaration Declaration of Nora Laureano–Guzmn, # 8 Declaration Declaration of Kendall Walker, # 9 Declaration Declaration of James White, # 10 Declaration Declaration of Randi Davis, # 11 Declaration Declaration of Rebecca–James Meskill, # 12 Declaration Declaration of Tiffany Larson, # 13 Declaration Declaration of Gigi Auliyaa, # 14 Declaration Declaration of Ayana Satyagrahi, # 15 Exhibit BOP OGC Kingdom Injunction Compliance Memorandum)(Noor, Megan) (Entered: 12/22/2025) |
| 01/12/2026 | 108 | STATUS REPORT by CHRISTOPHER A. BINA, PAMELA J. BONDI, DANA R. DIGIACOMO, WILLIAM W. LOTHROP, SHANE SALEM, DONALD J. TRUMP. (Attachments: # 1 Exhibit, # 2 Exhibit)(Layendecker, Elizabeth) (Entered: 01/12/2026) |
| 01/16/2026 | 110 | **REQUEST FOR LEAVE TO FILE REVIEW.** The attached document requires leave to file: JOB GILLETTE – Notice to the Court. Reason(s): Filer is not a party to the case. (Attachments: # 1 Envelope) (znmw) (Entered: 01/28/2026) |
| 01/23/2026 | 109 | MOTION to Compel *Production of the Administrative Record* by JAS KAPULE, ALISHEA SOPHIA KINGDOM, SOLO NICHOLS. (Attachments: # 1 Text of Proposed Order)(Shah, Aditi) (Entered: 01/23/2026) |
| 02/02/2026 | 112 | **REQUEST FOR LEAVE TO FILE REVIEW.** The attached document requires leave to file: ANDY GOODALL – Letter. Reason(s): Filer is not a party to the case. (znmw) (Entered: 02/06/2026) |
| 02/05/2026 | 111 | MOTION for Preliminary Injunction *Motion to Extend Preliminary Injunction* by JAS KAPULE, ALISHEA SOPHIA KINGDOM, SOLO NICHOLS. (Attachments: # 1 Memorandum in Support Memo of Points and Authorities in Support of Motion to Renew PI, # 2 Declaration Declaration of Corene Kendrick, # 3 Text of Proposed Order [Proposed] Order Granting Motion to Extend PI)(Kendrick, Corene) (Entered: 02/05/2026) |
| 02/06/2026 | 113 | RESPONSE re 109 MOTION to Compel *Production of the Administrative Record* filed by CHRISTOPHER A. BINA, PAMELA J. BONDI, DANA R. DIGIACOMO, WILLIAM W. LOTHROP, SHANE SALEM, DONALD J. TRUMP. (Littman, M.) (Entered: 02/06/2026) |
| 02/12/2026 | 114 | ORDER granting 111 Motion for Preliminary Injunction. It is ORDERED that Defendants are enjoined from implementing Section 4(c) of Executive Order 14168 against any class member in this action for the period from March 2, 2026 through |

|  |  | May 31, 2026. See Order for more details. Signed by Judge Royce C. Lamberth on 2/12/2026. (lcrcl1) (Entered: 02/12/2026) |
|---|---|---|
| 02/12/2026 | 115 | REPLY to opposition to motion re 109 Motion to Compel *Production of the Administrative Record* filed by JAS KAPULE, ALISHEA SOPHIA KINGDOM, SOLO NICHOLS. (Knizhnik, Shana) (Entered: 02/12/2026) |
| 02/13/2026 | 116 | MOTION for Leave to File *Response to Defendants' Status Report* by JAS KAPULE, ALISHEA SOPHIA KINGDOM, SOLO NICHOLS. (Attachments: # 1 Plaintiffs' Response to Defendants' Status Report, # 2 Declaration of Kara Sternquist, # 3 Declaration of Li Nowlin–Sohl and Correspondence with Defendants, # 4 Declaration of Matthew Williamson, # 5 Declaration of Tiffany Larson, # 6 February Declaration of Grace Pinson, # 7 January Declaration of Grace Pinson, # 8 Proposed Order Granting Motion for Leave to File Response to Defendants' Status Report)(Noor, Megan) (Entered: 02/13/2026) |
| 02/13/2026 | 117 | SEALED MOTION FOR LEAVE TO FILE DOCUMENT UNDER SEAL filed by JAS KAPULE, ALISHEA SOPHIA KINGDOM, SOLO NICHOLS (This document is SEALED and only available to authorized persons.) (Attachments: # 1 Medical Records, # 2 Proposed Order Granting Motion to File Sealed Document)(Noor, Megan) (Entered: 02/13/2026) |
| 02/13/2026 | 118 | NOTICE by CHRISTOPHER A. BINA, PAMELA J. BONDI, DANA R. DIGIACOMO, WILLIAM W. LOTHROP, SHANE SALEM, DONALD J. TRUMP re 113 Response to motion (Littman, M.) (Entered: 02/13/2026) |
| 02/17/2026 | 119 | ORDER granting 116 Motion for Leave to File; Setting Status Conference for 2/19/2026 at 11:00 AM in Courtroom 15 – In Person before Judge Royce C. Lamberth. The parties should be prepared to discuss the recent status reports and to argue all other pending motions. Signed by Judge Royce C. Lamberth on 2/17/2026. (lcrcl1) (Main Document 119 replaced on 2/17/2026) (zsmc). (Entered: 02/17/2026) |
| 02/17/2026 | 120 | ORDER granting 117 Sealed Motion for Leave to File Document Under Seal. The medical records that Plaintiffs seek to file under seal shall be under seal. Signed by Judge Royce C. Lamberth on 2/17/2026. (lcrcl1) (Entered: 02/17/2026) |
| 02/17/2026 | 121 | RESPONSE re 108 Status Report filed by JAS KAPULE, ALISHEA SOPHIA KINGDOM, SOLO NICHOLS. (Attachments: # 1 Declaration, # 2 Declaration, # 3 Declaration, # 4 Declaration, # 5 Declaration, # 6 Declaration)(znmw) (Entered: 02/19/2026) |
| 02/17/2026 | 122 | SEALED DOCUMENT (Medical Records) filed by JAS KAPULE, ALISHEA SOPHIA KINGDOM. re 116 Motion for Leave to File. (This document is SEALED and only available to authorized persons.)(znmw) (Entered: 02/19/2026) |
| 02/18/2026 |  | MINUTE ORDER: The court will provide access for the public to telephonically attend the hearing scheduled for February 19, 2026, at 11:00 AM. The hearing can be accessed by dialing the Toll–Free Number: 833–990–9400 (Meeting ID: 720718696). It is hereby ORDERED that the attendees using the public access telephone line shall adhere to the following: persons remotely accessing court proceedings are reminded of the general prohibition against photographing, recording, and rebroadcasting any court proceedings (including those held by telephone or videoconference). Violation of these prohibitions may result in sanctions, including removal of court–issued media credentials, restricted entry to future hearings, denial of entry to future hearings, or any other sanctions deemed |

| | | |
|---|---|---|
| | | necessary by the presiding Judge. The public is advised that in the event of technical issues, the public line will be terminated and will not be restored. Given that Court will be actively in session, listeners should not contact chambers should that occur. So Ordered by Judge Royce C. Lamberth on February 18, 2026. (smc) (Entered: 02/18/2026) |
| 02/19/2026 | | Minute Entry for Status Conference (with public access line available) held on 2/19/2026 before Judge Royce C. Lamberth: The matter was before the court for a status conference and argument on the pending motions. Megan Noor, Shana Knizhnik, David C. Fathi, Aditi Shah, Michael K. Perloff, Elisa Epstein, and Leslie Cooper present on behalf of Plaintiffs. M. Jared Littman and Alexander J. Yun present on behalf of Defendants. As stated from the bench, Plaintiffs are ordered to submit a motion to the court contemplating Rule 23(b)(2) notice to class members. Order on other matters forthcoming. (Court Reporter Christine Asif)(mhp) (Entered: 02/19/2026) |
| 02/19/2026 | 123 | ORDER denying 75 Motion to Intervene; denying 75 Motion for Injunction; denying 75 Motion for Order to Show Cause; denying 75 Motion to Compel; denying 81 Motion for Leave to File; denying 84 Motion for Exemption Pursuant to LCvR 16.3(b)(1); denying 86 Motion to Intervene; granting 87 Motion for Scheduling Order; denying 91 Motion to Intervene; denying 92 Motion to Intervene; denying 94 Motion to Intervene; denying 95 Motion to Intervene; denying 99 Motion to Amend/Correct; denying 100 Motion for Partial Summary Judgment; denying 109 Motion to Compel. See Order for more details pertaining to discovery, production of the administrative record for the new BOP policy issued on 2/19/2026, and a motion to provide notice to class members. Signed by Judge Royce C. Lamberth on 2/19/2026. (lcrcl1) (Entered: 02/19/2026) |
| 02/19/2026 | 124 | VACATED PURSUANT TO ORDER ENTERED ON 4/16/2026.....ORDER granting Plaintiffs' Motion for a Protective Order. It is ORDERED that Defendants shall take no actions that harass, intimidate, or otherwise retaliate against witnesses who have provided or will in the future provide the Court information, either via oral testimony or written statements. It is further ORDERED that Defendants shall take no actions that harass, intimidate, or otherwise retaliate against people incarcerated in BOP custody who have filed or will file grievances alleging noncompliance with this Court's preliminary injunction, or who have contacted or will contact class counsel or this Court alleging noncompliance. See Order for more details regarding notice Defendants must provide of this Order to wardens at BOP facilities and to class members. It is further ORDERED that within 30 days, Defendants shall file a written declaration with the Court detailing how this order was conveyed to staff and incarcerated people at all BOP facilities at which class members are incarcerated. Signed by Judge Royce C. Lamberth on 2/19/2026. (lcrcl1) Modified on 4/16/2026 (zsmc). (Entered: 02/19/2026) |
| 02/19/2026 | 125 | NOTICE of New BOP Policy by CHRISTOPHER A. BINA, PAMELA J. BONDI, DANA R. DIGIACOMO, WILLIAM W. LOTHROP, SHANE SALEM, DONALD J. TRUMP. "Let this be filed," signed by Judge Royce C. Lamberth on 2/19/2026. (znmw) (Entered: 02/19/2026) |
| 02/25/2026 | 126 | TRANSCRIPT OF PROCEEDINGS before Judge Royce C. Lamberth held on 2/19/2026; Page Numbers: 1–65. Date of Issuance:2/25/2026. Court Reporter Christine T. Asif, Telephone number 202–354–3247, Transcripts may be ordered by submitting the Transcript Order Form |

| | | |
|---|---|---|
| | | For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi−page, condensed, CD or ASCII) may be purchased from the court reporter. **NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty−one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov. Redaction Request due 3/18/2026. Redacted Transcript Deadline set for 3/28/2026. Release of Transcript Restriction set for 5/26/2026.(Asif, Christine) (Entered: 02/25/2026) |
| 02/25/2026 | 127 | Emergency MOTION for Order to Show Cause *Why Defendants Should Not Be Held in Civil Contempt* by JAS KAPULE, ALISHEA SOPHIA KINGDOM, SOLO NICHOLS. (Attachments: # 1 Declaration of Grace Pinson, # 2 Declaration of Elmer Moreno, # 3 Text of Proposed Order)(Perloff, Michael) (Entered: 02/25/2026) |
| 02/26/2026 | | MINUTE ORDER: A Motion Hearing on 127 Plaintiffs' Emergency Motion for Order to Show Cause Why Defendants Should Not Be Held in Civil Contempt is set for 2/26/2026 at 02:30 PM in Courtroom 15 − In Person before Judge Royce C. Lamberth. Signed by Judge Royce C. Lamberth on 2/26/2026. (lcrcl1) (Entered: 02/26/2026) |
| 02/26/2026 | | MINUTE ORDER: The court will provide access for the public to telephonically attend the hearing scheduled for today, February 26, 2026, at 2:30 PM. The hearing can be accessed by dialing the Toll−Free Number: 833−990−9400 (Meeting ID: 720718696). It is hereby ORDERED that the attendees using the public access telephone line shall adhere to the following: persons remotely accessing court proceedings are reminded of the general prohibition against photographing, recording, and rebroadcasting any court proceedings (including those held by telephone or videoconference). Violation of these prohibitions may result in sanctions, including removal of court−issued media credentials, restricted entry to future hearings, denial of entry to future hearings, or any other sanctions deemed necessary by the presiding Judge. The public is advised that in the event of technical issues, the public line will be terminated and will not be restored. Given that Court will be actively in session, listeners should not contact chambers should that occur. So Ordered by Judge Royce C. Lamberth on February 26, 2026. (smc) (Entered: 02/26/2026) |
| 02/26/2026 | | Minute Entry for Motion Hearing held on 2/26/2026 before Judge Royce C. Lamberth: re 127 Emergency MOTION for Order to Show Cause. For reasons stated on the record, the motion was GRANTED. Order forthcoming from Chambers. Defendant's Response due by 3/3/2026. Show Cause Hearing set for 3/4/2026 at 11:00 AM in Courtroom 15 (In Person) before Judge Royce C. Lamberth. Court Reporter: Rebecca Monroe. (smc) (Entered: 02/26/2026) |
| 02/26/2026 | 128 | ORDER granting 127 Motion for Order to Show Cause; Response to Show Cause due by 3/3/2026 at 5:00 PM EST. See Order for more details on specific prison |

| | | |
|---|---|---|
| | | officials who are ordered to show cause. It is further ORDERED that a Show Cause Hearing is set for 3/4/2026 at 11:00 AM in Courtroom 15 – In Person before Judge Royce C. Lamberth. It is further ORDERED that Plaintiffs' Oral Motion for a Temporary Restraining Order, made at the hearing on 2/26/2026, is GRANTED IN PART as follows: The Defendants are ORDERED to prepare a detailed plan of the steps they are going to take to protect Grace Pinson and Elmer Moreno from further retaliation. Defendants shall file this plan at the same time as the response to the Order to Show Cause. Signed by Judge Royce C. Lamberth on 2/26/2026. (lcrcl1) (Entered: 02/26/2026) |
| 03/02/2026 | 145 | **REQUEST FOR LEAVE TO FILE REVIEW.** The attached document requires leave to file: MARISSA HUNT – Motion for Preliminary Injunction and Temporary Restraining Order. Reason(s): Filer is not a party to the case. (znmw) (Entered: 03/10/2026) |
| 03/03/2026 | | MINUTE ORDER: The court will provide access for the public to telephonically attend the hearing scheduled for March 4, 2026, at 11:00 AM. The hearing can be accessed by dialing the Toll–Free Number: 833–990–9400 (Meeting ID: 720718696). It is hereby ORDERED that the attendees using the public access telephone line shall adhere to the following: persons remotely accessing court proceedings are reminded of the general prohibition against photographing, recording, and rebroadcasting any court proceedings (including those held by telephone or videoconference). Violation of these prohibitions may result in sanctions, including removal of court–issued media credentials, restricted entry to future hearings, denial of entry to future hearings, or any other sanctions deemed necessary by the presiding Judge. The public is advised that in the event of technical issues, the public line will be terminated and will not be restored. Given that Court will be actively in session, listeners should not contact chambers should that occur. So Ordered by Judge Royce C. Lamberth on March 3, 2026. (smc) (Entered: 03/03/2026) |
| 03/03/2026 | 129 | RESPONSE TO ORDER TO SHOW CAUSE re 128 Order on Motion for Order to Show Cause,,,, Set/Reset Deadlines,,,, Set/Reset Hearings,,, filed by CHRISTOPHER A. BINA, PAMELA J. BONDI, DANA R. DIGIACOMO, WILLIAM W. LOTHROP, SHANE SALEM, DONALD J. TRUMP. (Attachments: # 1 Exhibit Garland Declaration (Redacted), # 2 Exhibit Vonville Declaration, # 3 Exhibit Bell Declaration (with attachment(s)), # 4 Exhibit Robinson Declaration (with attachment(s)))(Littman, M.) (Entered: 03/03/2026) |
| 03/03/2026 | 130 | MOTION for Reconsideration re 124 Order,,,, by CHRISTOPHER A. BINA, PAMELA J. BONDI, DANA R. DIGIACOMO, WILLIAM W. LOTHROP, SHANE SALEM, DONALD J. TRUMP. (Attachments: # 1 Exhibit Garland Declaration (Redacted), # 2 Exhibit Petty Declaration, # 3 Exhibit Bell Declaration (with Attachments(s)), # 4 Exhibit Vonville Declaration, # 5 Exhibit Norris Declaration)(Littman, M.) (Entered: 03/03/2026) |
| 03/03/2026 | 131 | SEALED MOTION FOR LEAVE TO FILE DOCUMENT UNDER SEAL filed by CHRISTOPHER A. BINA, PAMELA J. BONDI, DANA R. DIGIACOMO, WILLIAM W. LOTHROP, SHANE SALEM, DONALD J. TRUMP (This document is SEALED and only available to authorized persons.) (Attachments: # 1 Exhibit Garland Declaration (Unredacted))(Littman, M.) (Entered: 03/03/2026) |
| 03/03/2026 | 132 | ORDER granting 131 Sealed Motion for Leave to File Document Under Seal. Signed by Judge Royce C. Lamberth on 3/3/2026. (lcrcl1) (Entered: 03/03/2026) |

| 03/03/2026 | 136 | SEALED DOCUMENT (Declaration) filed by CHRISTOPHER A. BINA, PAMELA J. BONDI, DANA R. DIGIACOMO, WILLIAM W. LOTHROP. re 130 Motion for Reconsideration,. (This document is SEALED and only available to authorized persons.)(znmw) (Entered: 03/05/2026) |
|---|---|---|
| 03/04/2026 | 133 | MOTION for Reconsideration re 124 Order,,,, *CORRECTED TABLE OF CONTENTS* by CHRISTOPHER A. BINA, PAMELA J. BONDI, DANA R. DIGIACOMO, WILLIAM W. LOTHROP, SHANE SALEM, DONALD J. TRUMP. (Attachments: # 1 Exhibit Garland Decl. (Redacted), # 2 Exhibit Petty Decl., # 3 Exhibit Bell Decl. (with attachments), # 4 Exhibit Vonville Decl., # 5 Exhibit Norris Decl.)(Littman, M.) (Entered: 03/04/2026) |
| 03/04/2026 | | Minute Entry for proceedings held before Judge Royce C. Lamberth: Show Cause Hearing held on 3/4/2026. The Court hears oral argument takes the matter under advisement. The parties, within 14 days, are to meet and confer with regards to ECF 124 , 130 & 133 for reasons set forth on the record. (Court Reporter Sherry Lindsay.) (zcll) (Entered: 03/04/2026) |
| 03/04/2026 | 134 | Emergency MOTION for Extension of Time to *Provide Written Notice of the "Protective Order" of February 19, 2026* by CHRISTOPHER A. BINA, PAMELA J. BONDI, DANA R. DIGIACOMO, WILLIAM W. LOTHROP, SHANE SALEM, DONALD J. TRUMP. (Littman, M.) (Entered: 03/04/2026) |
| 03/04/2026 | | MINUTE ORDER: If Plaintiffs would like to submit a response to 134 Defendants' Emergency Motion, they are ORDERED to do so by 12:00 PM EST on 3/5/2026. Signed by Judge Royce C. Lamberth on 3/4/2026. (lcrcl1) (Entered: 03/04/2026) |
| 03/04/2026 | 135 | PROPOSED BRIEFING SCHEDULE *on Motion for Reconsideration* by CHRISTOPHER A. BINA, PAMELA J. BONDI, DANA R. DIGIACOMO, SHANE SALEM, DONALD J. TRUMP. (Littman, M.) Modified event title on 3/5/2026 (znmw). (Entered: 03/04/2026) |
| 03/05/2026 | 137 | RESPONSE re 134 Emergency MOTION for Extension of Time to *Provide Written Notice of the "Protective Order" of February 19, 2026* filed by JAS KAPULE, ALISHEA SOPHIA KINGDOM, SOLO NICHOLS. (Kendrick, Corene) (Entered: 03/05/2026) |
| 03/05/2026 | 138 | NOTICE of Proposed Order by JAS KAPULE, ALISHEA SOPHIA KINGDOM, SOLO NICHOLS re 137 Response to motion (Kendrick, Corene) (Entered: 03/05/2026) |
| 03/05/2026 | 139 | ORDER denying 134 Motion for Extension of Time. See Order for more details. Signed by Judge Royce C. Lamberth on 3/5/2026. (lcrcl1) (Main Document 139 replaced on 3/5/2026) (zsmc). (Entered: 03/05/2026) |
| 03/05/2026 | 140 | ORDER granting 135 Motion for Briefing Schedule; Set/Reset Deadlines: Plaintiffs' response to Defendants' Motion for Reconsideration is due by 3/11/2026. Defendants' reply is due by 3/16/2026. Signed by Judge Royce C. Lamberth on 3/5/2026. (lcrcl1) (Main Document 140 replaced on 3/5/2026) (zsmc). (Entered: 03/05/2026) |
| 03/05/2026 | 141 | NOTICE *of Proposed Discovery Schedule* by CHRISTOPHER A. BINA, PAMELA J. BONDI, DANA R. DIGIACOMO, WILLIAM W. LOTHROP, SHANE SALEM, DONALD J. TRUMP re 123 Order on Motion to Intervene,,,, Order on Motion for Injunction,,,, Order on Motion for Order to Show Cause,,,, Order on Motion to Compel,,,, Order on Motion for Leave to File,,,, Order on Motion for Miscellaneous |

| | | |
|---|---|---|
| | | Relief,,,,,,,, Order on Motion for Scheduling Order,,,,,,,,,,,,,,,,,,, Order on Motion to Amend/Correct,,,, Order on Motion for Partial Summary Judgment,,,,,,, (Littman, M.) (Entered: 03/05/2026) |
| 03/05/2026 | 142 | TRANSCRIPT OF PROCEEDINGS before Judge Royce C. Lamberth held on 2/26/2026; Page Numbers: 1–23. Date of Issuance:3/5/2026. Court Reporter/Transcriber Rebecca Monroe, email: rebecca_monroe@dcd.uscourts.gov, Transcripts may be ordered by submitting the Transcript Order Form<br><br>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi−page, condensed, CD or ASCII) may be purchased from the court reporter.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty−one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<br><br>Redaction Request due 3/26/2026. Redacted Transcript Deadline set for 4/5/2026. Release of Transcript Restriction set for 6/3/2026.(Monroe, Rebecca) (Entered: 03/05/2026) |
| 03/05/2026 | 143 | TRANSCRIPT OF PROCEEDINGS before Judge Royce C. Lamberth held on 3/4/2026; Page Numbers: 1–45. Date of Issuance:3/5/2026. Court Reporter: Sherry Lindsay, Email: sherry_lindsay@dcd.uscourts.gov, Transcripts may be ordered by submitting the Transcript Order Form<br><br>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi−page, condensed, CD or ASCII) may be purchased from the court reporter.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty−one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<br><br>Redaction Request due 3/26/2026. Redacted Transcript Deadline set for 4/5/2026. Release of Transcript Restriction set for 6/3/2026.(stl) (Entered: 03/05/2026) |
| 03/05/2026 | 144 | NOTICE *of Proposed Discovery Schedule and Plan* by JAS KAPULE, ALISHEA SOPHIA KINGDOM, SOLO NICHOLS re 123 Order on Motion to Intervene,,,, Order on Motion for Injunction,,,, Order on Motion for Order to Show Cause,,,, Order on Motion to Compel,,,, Order on Motion for Leave to File,,,, Order on Motion for Miscellaneous Relief,,,,,,,, Order on Motion for Scheduling Order,,,,,,,,,,,,,,,,,, Order on Motion to Amend/Correct,,,, Order on Motion for Partial Summary |

| | | Judgment,,,,,,, (Knizhnik, Shana) (Entered: 03/05/2026) |
|---|---|---|
| 03/11/2026 | | MINUTE ORDER re **112 Request for Leave to File Review; 110 Request for Leave to File Review; 145 Request for Leave to File Review; 106 Request for Leave to File Review.** Leave to file is granted. The Clerk is directed to file the attached document on the public docket. Signed by Judge Royce C. Lamberth on 3/11/2026. (lcrcl1) (Entered: 03/11/2026) |
| 03/11/2026 | 146 | RESPONSE re 130 MOTION for Reconsideration re 124 Order,,,, filed by JAS KAPULE, ALISHEA SOPHIA KINGDOM, SOLO NICHOLS. (Attachments: # 1 Exhibit 1 – Declaration of Grace Pinson, # 2 Exhibit 2 – Declaration of Elmer Armando Moreno, # 3 Text of Proposed Order)(Kendrick, Corene) (Entered: 03/11/2026) |
| 03/11/2026 | 147 | MOTION for Order to Show Cause by OSCAR CONTRERAS AGUILAR. (znmw) (Entered: 03/12/2026) |
| 03/11/2026 | 148 | NOTICE to the Court by JOB GILLETTE (Attachments: # 1 Envelope)(znmw) (Entered: 03/12/2026) |
| 03/11/2026 | 149 | NOTICE to the Court by ANDY QUINN GOODALL (znmw) (Entered: 03/12/2026) |
| 03/11/2026 | 150 | MOTION for Preliminary Injunction, MOTION for Temporary Restraining Order, MOTION to Appoint Counsel, MOTION for Leave to Proceed in forma pauperis by MARISSA HUNT. (znmw) (Entered: 03/12/2026) |
| 03/12/2026 | 151 | ADMINISTRATIVE RECORD by CHRISTOPHER A. BINA, PAMELA J. BONDI, DANA R. DIGIACOMO, WILLIAM W. LOTHROP, SHANE SALEM, DONALD J. TRUMP. (Layendecker, Elizabeth) (Entered: 03/12/2026) |
| 03/16/2026 | 152 | REPLY to opposition to motion re 133 Motion for Reconsideration, filed by CHRISTOPHER A. BINA, PAMELA J. BONDI, DANA R. DIGIACOMO, WILLIAM W. LOTHROP, SHANE SALEM, DONALD J. TRUMP. (Attachments: # 1 Exhibit Incident Report)(Littman, M.) (Entered: 03/16/2026) |
| 03/18/2026 | | MINUTE ORDER: The parties are ORDERED to file a Joint Status Report by 3/19/2026 at 5:00 PM detailing their efforts to meet and confer about possible revisions to the February 19, 2026 Nonretaliation Order. Signed by Judge Royce C. Lamberth on 3/18/2026. (lcrcl1) (Entered: 03/18/2026) |
| 03/19/2026 | 153 | Joint STATUS REPORT by JAS KAPULE, ALISHEA SOPHIA KINGDOM, SOLO NICHOLS. (Kendrick, Corene) (Entered: 03/19/2026) |
| 03/20/2026 | | MINUTE ORDER: In response to the parties' 153 Joint Status Report, an updated Joint Status Report is ORDERED to be produced no later than 3/27/2026. Signed by Judge Royce C. Lamberth on 3/20/2026. (lcrcl1) (Entered: 03/20/2026) |
| 03/23/2026 | 154 | DECLARATION *of Criste Dickson* by CHRISTOPHER A. BINA, PAMELA J. BONDI, DANA R. DIGIACOMO, WILLIAM W. LOTHROP, SHANE SALEM, DONALD J. TRUMP re 124 Order,,,,,. (Littman, M.) (Entered: 03/23/2026) |
| 03/23/2026 | 158 | **REQUEST FOR LEAVE TO FILE REVIEW.** The attached document requires leave to file: ROBERT E. SPIKER – Motion for Preliminary/Permanent Injunction and Protective Order. Reason(s): Filer is not a party to the case. (znmw) (Entered: 03/30/2026) |
| 03/25/2026 | 155 | |

| | | |
|---|---|---|
| | | Letter from ROBERT E. SPIKER. "Let this be filed." Signed by Judge Royce C. Lamberth on 3/25/2026. (znmw) (Entered: 03/25/2026) |
| 03/27/2026 | 156 | MOTION for Order *to Direct Notice to Class Members* by JAS KAPULE, ALISHEA SOPHIA KINGDOM, SOLO NICHOLS. (Attachments: # 1 Exhibit Class Notice English Version, # 2 Exhibit Class Notice Spanish Version, # 3 Text of Proposed Order)(Shah, Aditi) (Entered: 03/27/2026) |
| 03/27/2026 | 157 | Joint STATUS REPORT by JAS KAPULE, ALISHEA SOPHIA KINGDOM, SOLO NICHOLS. (Kendrick, Corene) (Entered: 03/27/2026) |
| 03/30/2026 | 159 | **REQUEST FOR LEAVE TO FILE REVIEW.** The attached document requires leave to file: STEVEN BRZEZINSKI – Letter. Reason(s): Filer is not a party to the case. (No received stamp supplied by mailroom). (znmw) (Entered: 03/30/2026) |
| 03/31/2026 | | MINUTE ORDER: The parties are ORDERED to file a Joint Status Report by 4/1/2026 at 5:00 PM detailing their efforts to meet and confer about possible revisions to the February 19, 2026 Nonretaliation Order. Signed by Judge Royce C. Lamberth on 3/31/2026. (lcrcl1) (Entered: 03/31/2026) |
| 03/31/2026 | 162 | NOTICE to the Court and Change of Address by MARISSA HUNT (znmw) (Entered: 04/02/2026) |
| 04/01/2026 | 160 | MOTION to Quash *Preliminary Injunction* by CHRISTOPHER A. BINA, DANA R. DIGIACOMO, WILLIAM W. LOTHROP, SHANE SALEM, DONALD J. TRUMP. (Attachments: # 1 Exhibit Administrative Record, # 2 Exhibit Memorandum on PS 5260.01, # 3 Exhibit Declaration of Dr. Kaliebe)(Littman, M.) (Entered: 04/01/2026) |
| 04/01/2026 | 161 | Joint STATUS REPORT by CHRISTOPHER A. BINA, PAMELA J. BONDI, DANA R. DIGIACOMO, WILLIAM W. LOTHROP, SHANE SALEM, DONALD J. TRUMP. (Attachments: # 1 Exhibit Proposed Order, # 2 Exhibit Defendants' Proposed Process, # 3 Exhibit Plaintiffs' Proposed Process, # 4 Exhibit Plaintiffs' Redline of Defendants' Proposed Process)(Littman, M.) (Entered: 04/01/2026) |
| 04/03/2026 | 163 | ORDER setting Discovery Schedule. It is hereby ORDERED that: Defendants shall provide initial disclosures by 4/24/2026; Written discovery requests shall be served no later than 6/22/2026, and completed by 7/23/2026; Non−expert depositions shall be completed by 9/21/2026; Fact discovery shall close by 9/21/2026, and shall apply to the development and implementation of Executive Order 14168 and the original BOP Implementing Memoranda; Designation of trial experts and Rule 26(a)(2) disclosures shall be due by 10/5/2026; Rebuttal expert reports (if any) shall be due by 11/9/2026; Expert depositions shall be completed by 12/3/2026; Dispositive motions shall be filed by 1/21/2027 with responses due by 2/11/2027, and replies due by 2/25/2027. See Order for more details. Signed by Judge Royce C. Lamberth on 4/3/2026. (lcrcl1) (Entered: 04/03/2026) |
| 04/05/2026 | 164 | RESPONSE re 156 MOTION for Order *to Direct Notice to Class Members* filed by CHRISTOPHER A. BINA, PAMELA J. BONDI, DANA R. DIGIACOMO, WILLIAM W. LOTHROP, SHANE SALEM, DONALD J. TRUMP. (Littman, M.) (Entered: 04/05/2026) |
| 04/06/2026 | 165 | **REQUEST FOR LEAVE TO FILE REVIEW.** The attached document requires leave to file: MARRISSA HUNT – Two Notices/Letters to the Court. Reason(s): Filer is not a party to the case. (znmw) (Additional attachment(s) added on 4/8/2026: # 1 Notice) (znmw). Modified on 4/8/2026 (znmw). (Entered: 04/08/2026) |

| | | |
|---|---|---|
| 04/10/2026 | 166 | MOTION to Stay re 160 MOTION to Quash *Preliminary Injunction* by JAS KAPULE, ALISHEA SOPHIA KINGDOM, SOLO NICHOLS. (Attachments: # 1 Text of Proposed Order)(Nowlin–Sohl, Li) (Entered: 04/10/2026) |
| 04/10/2026 | 167 | REPLY to opposition to motion re 156 Motion for Order, *to Direct Notice to Class Members* filed by JAS KAPULE, ALISHEA SOPHIA KINGDOM, SOLO NICHOLS. (Shah, Aditi) (Entered: 04/10/2026) |
| 04/13/2026 | 168 | Memorandum in opposition to re 166 MOTION to Stay re 160 MOTION to Quash *Preliminary Injunction* filed by CHRISTOPHER A. BINA, PAMELA J. BONDI, DANA R. DIGIACOMO, WILLIAM W. LOTHROP, SHANE SALEM, DONALD J. TRUMP. (Layendecker, Elizabeth) (Entered: 04/13/2026) |
| 04/13/2026 | 169 | **REQUEST FOR LEAVE TO FILE REVIEW.** The attached document requires leave to file: BRANDY CHARLES – Motion for Protection. Reason(s): Filer is not a party to the case. (Attachments: # 1 Letter, # 2 Envelope) (znmw) (Entered: 04/15/2026) |
| 04/15/2026 | 170 | ORDER granting 166 Motion to Stay Plaintiffs' Deadline to Respond to 160 Defendants' Motion to Quash the Preliminary Injunction. Set/Reset Deadlines: Plaintiffs' motion for leave to file a supplemental complaint and motion for an updated preliminary injunction is due by 4/29/2026. Defendants' opposition to the motion for an updated preliminary injunction shall be due 5/13/2026, or two weeks after Plaintiffs' motion for an updated preliminary injunction, whichever is earlier. Plaintiffs' reply, if any, shall be due 5/20/2026, or one week after Defendants' opposition to the motion for an updated preliminary injunction, whichever is earlier. Signed by Judge Royce C. Lamberth on 4/15/2026. (lcrcl1) (Entered: 04/15/2026) |
| 04/15/2026 | 171 | MOTION for Leave to Appear Pro Hac Vice :Attorney Name– Dale Melchert, Filing fee $ 100, receipt number ADCDC–12363797. Fee Status: Fee Paid. by JAS KAPULE, ALISHEA SOPHIA KINGDOM, SOLO NICHOLS. (Attachments: # 1 Text of Proposed Order, # 2 Declaration, # 3 Exhibit Certificate of Good Standing)(Perloff, Michael) (Entered: 04/15/2026) |
| 04/16/2026 | 172 | ORDER: For the reasons stated in the attached Memorandum Order, the February 19 Protective Order 124 is VACATED, the revised Protective Order [161–1] and Plaintiffs' Process [161–3] for resolving claims of retaliation are ADOPTED, the Defendants' Motion for Reconsideration at 130 and 133 is DENIED AS MOOT, and the Order to Show Cause 127 is DISCHARGED. See Order for more details. The revised Protective Order and Process for resolving claims of retaliation will be entered as a separate docket entry. Signed by Judge Royce C. Lamberth on 4/16/2026. (lcrcl1) (Entered: 04/16/2026) |
| 04/16/2026 | 173 | ORDER: Pursuant to the Memorandum Order at 172 , the revised Protective Order and attached Process for Resolution of Allegations of Retaliation are hereby ADOPTED. Signed by Judge Royce C. Lamberth on 4/16/2025. (Attachments: # 1 Process for Resolution of Allegations of Retaliation) (lcrcl1) (Entered: 04/16/2026) |
| 04/16/2026 | 175 | **REQUEST FOR LEAVE TO FILE REVIEW.** The attached document requires leave to file: XAVIER LEE JONES – Motion to Present Evidence. Reason(s): Filer is not a party to the case. (znmw) (Entered: 04/28/2026) |
| 04/20/2026 | 176 | NOTICE to the Court by MARISSA HUNT re 150 Motion for Preliminary Injunction, Motion for TRO, Motion to Appoint Counsel, Motion for Leave to Proceed in forma pauperis (znmw) (Entered: 04/29/2026) |

| 04/21/2026 | | MINUTE ORDER granting 171 Motion for Leave to Appear Pro Hac Vice. **Counsel should register for e–filing via PACER and file a notice of appearance pursuant to LCvR 83.6(a).** Click for instructions. Signed by Judge Royce C. Lamberth on 4/21/2026. (lcrcl1) (Entered: 04/21/2026) |
|---|---|---|
| 04/21/2026 | 177 | **REQUEST FOR LEAVE TO FILE REVIEW.** The attached document requires leave to file: AUSTIN STAFFORD – Letter. Reason(s): Filer is not a party to the case. (znmw) (Entered: 04/29/2026) |
| 04/22/2026 | 174 | NOTICE of Appearance by Dale Melchert on behalf of All Plaintiffs (Melchert, Dale) (Entered: 04/22/2026) |
| 04/29/2026 | 178 | Consent MOTION for Leave to File *Supplemental Complaint* by JAS KAPULE, ALISHEA SOPHIA KINGDOM, SOLO NICHOLS. (Attachments: # 1 Exhibit Supplemental Complaint, # 2 Text of Proposed Order)(Knizhnik, Shana) (Entered: 04/29/2026) |
| 04/29/2026 | 179 | MOTION for Preliminary Injunction by JAS KAPULE, ALISHEA SOPHIA KINGDOM, SOLO NICHOLS. (Attachments: # 1 Memorandum in Support of Plaintiffs' Motion for an Updated Preliminary Injunction and to Stay Agency Action, # 2 Exhibit Declaration of Dr. Dan H. Karasic (Third Karasic Decl.), # 3 Exhibit Declaration of Dr. Ole–Petter Hamnvik (Hamnvik Decl.), # 4 Exhibit Declaration of Dr. Cathy Thompson (Second Thompson Decl.), # 5 Exhibit Declaration of Leslie Cooper and Ex. A (Kaliebe Tr.), # 6 Exhibit Declaration of Alishea Kingdom (Third Kingdom Decl.), # 7 Exhibit Declaration of Solo Nichols (Third Nichols Decl.), # 8 Exhibit Declaration of Jas Kapule (Third Kapule Decl.), # 9 Text of Proposed Order)(Knizhnik, Shana). Added MOTION to Stay on 4/30/2026 (znmw). (Entered: 04/29/2026) |
| 04/30/2026 | 180 | ORDER granting 178 Motion for Leave to File Supplemental Complaint. It is ORDERED that the Supplemental Complaint attached as Exhibit A to Plaintiffs' Motion is deemed FILED. Signed by Judge Royce C. Lamberth on 4/30/2026. (lcrcl1) (Entered: 04/30/2026) |
| 04/30/2026 | 182 | SUPPLEMENTAL COMPLAINT against DANA R. DIGIACOMO, SHANE SALEM, DONALD J. TRUMP, TODD BLANCHE, CHRISTOPHER A. BINA, WILLIAM K. MARSHALL, III filed by SOLO NICHOLS, ALISHEA SOPHIA KINGDOM, JAS KAPULE.(znmw) (Entered: 05/01/2026) |
| 05/01/2026 | 181 | DECLARATION *of Criste Dickson* by CHRISTOPHER A. BINA, PAMELA J. BONDI, DANA R. DIGIACOMO, WILLIAM W. LOTHROP, SHANE SALEM, DONALD J. TRUMP re 173 Order,. (Littman, M.) (Entered: 05/01/2026) |
| 05/04/2026 | 183 | **REQUEST FOR LEAVE TO FILE REVIEW.** The attached document requires leave to file: DONTAY REESE – Notice and Request. Reason(s): Filer is not a party to the case. (znmw) (Entered: 05/07/2026) |
| 05/04/2026 | 184 | **REQUEST FOR LEAVE TO FILE REVIEW.** The attached document requires leave to file: MARRISSA HUNT – Change of Address and Letter. Reason(s): Filer is not a party to the case. (Attachments: # 1 Letter) (znmw) (Entered: 05/07/2026) |
| 05/08/2026 | 185 | **REQUEST FOR LEAVE TO FILE REVIEW.** The attached document requires leave to file: NATHANIEL WATSON & GEORGE LEROY CLOWERS – Motion for Protective Order. Reason(s): Filers are not a party to the case. (znmw) (Entered: 05/12/2026) |

| 05/11/2026 | 196 | **REQUEST FOR LEAVE TO FILE REVIEW.** The attached document requires leave to file: DONTAY L. REESE – Notice to the Court. Reason(s): Filer is not a party to the case. (znmw) (Entered: 05/21/2026) |
|---|---|---|
| 05/11/2026 | 197 | **REQUEST FOR LEAVE TO FILE REVIEW.** The attached document requires leave to file: MARRISSA HUNT – Notice to the Court. Reason(s): Filer is not a party to the case. (znmw) (Entered: 05/21/2026) |
| 05/13/2026 | 186 | Memorandum in opposition to re 179 MOTION for Preliminary Injunction MOTION to Stay filed by CHRISTOPHER A. BINA, TODD BLANCHE, SHANE SALEM, DONALD J. TRUMP. (Attachments: # 1 Exhibit Administrative Record excerpts, part 1, # 2 Exhibit Administrative Record excerpts, part 2, # 3 Exhibit Declaration of Elizabete M. Stahl, BOP Medical Director)(Littman, M.) (Entered: 05/13/2026) |
| 05/13/2026 | 187 | MOTION for Summary Judgment *and Memorandum of Law in Support Thereof* by CHRISTOPHER A. BINA, TODD BLANCHE, DANA R. DIGIACOMO, WILLIAM K. MARSHALL, III, DONALD J. TRUMP. (Attachments: # 1 Exhibit Administrative Record excerpts, part 1, # 2 Exhibit Administrative Record excerpts, part 2, # 3 Exhibit Declaration of Elizabete M. Stahl, BOP Medical Director, # 4 Statement of Facts, # 5 Text of Proposed Order)(Littman, M.) (Entered: 05/13/2026) |
| 05/13/2026 | 188 | MOTION for Preliminary Injunction *Motion to Extend Preliminary Injunction* by JAS KAPULE, ALISHEA SOPHIA KINGDOM, SOLO NICHOLS. (Attachments: # 1 Memorandum in Support of Motion to Extend PI, # 2 Granting Motion to Extend PI)(Nowlin–Sohl, Li) (Entered: 05/13/2026) |
| 05/13/2026 | 189 | MOTION to Expedite re 188 MOTION for Preliminary Injunction *Motion to Extend Preliminary Injunction* by JAS KAPULE, ALISHEA SOPHIA KINGDOM, SOLO NICHOLS. (Attachments: # 1 Text of Proposed Order on Consent Motion to Expedite Briefing on Plaintiffs' Motion to Extend Preliminary Injunction)(Nowlin–Sohl, Li) (Entered: 05/13/2026) |
| 05/14/2026 | 190 | MOTION to Stay *Discovery Pending Disposition of Defendants Motion for Summary Judgment, or in the Alternative, to Extend the Discovery Response Deadline by 30 Day* by CHRISTOPHER A. BINA, TODD BLANCHE, DANA R. DIGIACOMO, WILLIAM K. MARSHALL, III, SHANE SALEM, DONALD J. TRUMP. (Littman, M.). Added MOTION for Extension of Time to Complete Discovery on 5/17/2026 (znmw). (Entered: 05/14/2026) |
| 05/14/2026 | 191 | ORDER granting 189 Motion to Expedite; Set/Reset Deadlines: Defendants' Response is due by 5/20/2026; Plaintiffs' Reply is due by 5/25/2026. See Order for more details. Signed by Judge Royce C. Lamberth on 5/14/2026. (lcrcl1) (Entered: 05/14/2026) |
| 05/20/2026 | 192 | RESPONSE re 188 MOTION for Preliminary Injunction *Motion to Extend Preliminary Injunction* filed by CHRISTOPHER A. BINA, TODD BLANCHE, DANA R. DIGIACOMO, WILLIAM K. MARSHALL, III, SHANE SALEM, DONALD J. TRUMP. (Littman, M.) (Entered: 05/20/2026) |
| 05/20/2026 | 193 | Unopposed MOTION for Leave to File *Supplemental Declarations* by JAS KAPULE, ALISHEA SOPHIA KINGDOM, SOLO NICHOLS. (Attachments: # 1 Exhibit Karasic Rebuttal Decl, # 2 Exhibit Thompson Rebuttal Decl, # 3 Text of Proposed Order)(Perloff, Michael) (Entered: 05/20/2026) |
| 05/20/2026 | 194 | |

| | | |
|---|---|---|
| | | REPLY to opposition to motion re 179 Motion for Preliminary Injunction,,,, Motion to Stay,,, filed by JAS KAPULE, ALISHEA SOPHIA KINGDOM, SOLO NICHOLS. (Perloff, Michael) (Entered: 05/20/2026) |
| 05/21/2026 | 195 | ORDER granting 193 Motion for Leave to File. Signed by Judge Royce C. Lamberth on 5/21/2026. (lcrcl1) (Entered: 05/21/2026) |
| 05/21/2026 | | MINUTE ORDER: A hearing on Plaintiffs' 179 Motion for Preliminary Injunction is set for 5/27/2026 at 11:00 AM in Courtroom 15 – In Person (Audio Line Available) before Judge Royce C. Lamberth. Signed by Judge Royce C. Lamberth on 5/21/2026. (lcrcl1) (Entered: 05/21/2026) |
| 05/21/2026 | | MINUTE ORDER: The court will provide access for the public to telephonically attend the hearing scheduled for May 27, 2026, at 11:00 AM. The hearing can be accessed by dialing the Toll–Free Number: 833–990–9400 (Meeting ID: 720718696). It is hereby ORDERED that the attendees using the public access telephone line shall adhere to the following: persons remotely accessing court proceedings are reminded of the general prohibition against photographing, recording, and rebroadcasting any court proceedings (including those held by telephone or videoconference). Violation of these prohibitions may result in sanctions, including removal of court–issued media credentials, restricted entry to future hearings, denial of entry to future hearings, or any other sanctions deemed necessary by the presiding Judge. The public is advised that in the event of technical issues, the public line will be terminated and will not be restored. Given that Court will be actively in session, listeners should not contact chambers should that occur. So Ordered by Judge Royce C. Lamberth on May 21, 2026. (smc) (Entered: 05/21/2026) |
| 05/21/2026 | 201 | SUPPLEMENTAL DECLARATIONS by All Plaintiffs re 188 MOTION for Preliminary Injunction *Motion to Extend Preliminary Injunction*. (Attachments: # 1 Declaration)(znmw) (Entered: 05/26/2026) |
| 05/22/2026 | 198 | MOTION for Extension of Time to File Response/Reply as to 190 MOTION for Extension of Time to Complete Discovery MOTION to Stay *Discovery Pending Disposition of Defendants Motion for Summary Judgment, or in the Alternative, to Extend the Discovery Response Deadline by 30 Day*, 187 MOTION for Summary Judgment *and Memorandum of Law in Support Thereof* by JAS KAPULE, ALISHEA SOPHIA KINGDOM, SOLO NICHOLS. (Attachments: # 1 Text of Proposed Order)(Nowlin–Sohl, Li) (Entered: 05/22/2026) |
| 05/25/2026 | 199 | REPLY to opposition to motion re 188 Motion for Preliminary Injunction, *Motion to Extend Preliminary Injunction* filed by JAS KAPULE, ALISHEA SOPHIA KINGDOM, SOLO NICHOLS. (Nowlin–Sohl, Li) (Entered: 05/25/2026) |
| 05/26/2026 | 200 | ORDER granting 198 Motion for Extension of Time to File Response/Reply. Plaintiffs' combined response to Defendants' 187 Motion for Summary Judgment, and 190 Motion to Stay Discovery shall be due 6/17/2026. Signed by Judge Royce C. Lamberth on 5/26/2026. (lcrcl1) (Entered: 05/26/2026) |
| 05/26/2026 | 202 | ORDER granting 188 Motion for Renewed Preliminary Injunction. It is ORDERED that Defendants are enjoined from implementing Section 4(c) of Executive Order 14168 against any class member in this action for a period (not to exceed 90 days) beginning June 1, 2026 and ending fourteen calendar days following this Court's resolution of Plaintiffs' pending 179 Motion for an Updated Preliminary Injunction. See Order for more details. Signed by Judge Royce C. Lamberth on 5/26/2026. |

| | | |
|---|---|---|
| | | (lcrcl1) (Entered: 05/26/2026) |
| 05/26/2026 | 206 | **REQUEST FOR LEAVE TO FILE REVIEW.** The attached document requires leave to file: MARRISSA HUNT – Letter to the Court. Reason(s): Filer is not a party to the case. (znmw) (Entered: 05/28/2026) |
| 05/26/2026 | 212 | **REQUEST FOR LEAVE TO FILE REVIEW.** The attached document requires leave to file: JESSE LEE HOPKINS–Motion for Injunctive Relief. Reason(s): Filer is not a party to the case. (znmw) (Entered: 06/11/2026) |
| 05/27/2026 | | Minute Entry for Motion Hearing held on 5/27/2026 before Judge Royce C. Lamberth: re 179 MOTION for Preliminary Injunction. Oral Arguments heard and TAKEN UNDER ADVISEMENT. Court Reporter: Tim Miller. (smc) (Entered: 05/27/2026) |
| 05/27/2026 | 203 | NOTICE OF INTERLOCUTORY APPEAL TO DC CIRCUIT COURT as to 202 Order on Motion for Preliminary Injunction,, by CHRISTOPHER A. BINA, TODD BLANCHE, WILLIAM W. LOTHROP, WILLIAM K. MARSHALL, III, SHANE SALEM, DANA R. DIGIACOMO, DONALD J. TRUMP, PAMELA J. BONDI. Fee Status: No Fee Paid. (Layendecker, Elizabeth) Modified event on 5/28/2026 (znmw). (Entered: 05/27/2026) |
| 05/27/2026 | 204 | MOTION to Stay re 202 Order on Motion for Preliminary Injunction,, *Pending Appeal* by CHRISTOPHER A. BINA, TODD BLANCHE, DANA R. DIGIACOMO, WILLIAM K. MARSHALL, III, DONALD J. TRUMP. (Littman, M.) (Entered: 05/27/2026) |
| 05/27/2026 | | MINUTE ORDER: Plaintiffs' response to Defendants' 204 Motion for a Stay is due by 6/1/2026. Defendants' Reply is due by 6/3/2026. Signed by Judge Royce C. Lamberth on 5/27/2026. (lcrcl3) (Entered: 05/27/2026) |
| 05/28/2026 | 205 | Transmission of the Notice of Appeal, Order Appealed (Memorandum Opinion), and Docket Sheet to US Court of Appeals. The Court of Appeals docketing fee was not paid because the appeal was filed by the government re 203 Notice of Appeal to DC Circuit Court. (znmw) (Entered: 05/28/2026) |
| 05/28/2026 | | USCA Case Number 26–5191 for 203 Notice of Appeal to DC Circuit Court, filed by DONALD J. TRUMP, SHANE SALEM, WILLIAM K. MARSHALL, III, CHRISTOPHER A. BINA, DANA R. DIGIACOMO, TODD BLANCHE, PAMELA J. BONDI, WILLIAM W. LOTHROP. (znmw) (Entered: 06/01/2026) |
| 05/29/2026 | 207 | TRANSCRIPT OF PRELIMINARY INJUNCTION HEARING before Judge Royce C. Lamberth held on 5–27–26; Page Numbers: 1–46; Date of Issuance: 5–29–26; Court Reporter: Timothy R. Miller, Telephone Number (202) 354–3111. Transcripts may be ordered by submitting the Transcript Order Form <br><br> For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi–page, condensed, CD or ASCII) may be purchased from the court reporter. <br><br> **NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty–one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be |

| | | made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<br><br>Redaction Request due 6/19/2026. Redacted Transcript Deadline set for 6/29/2026. Release of Transcript Restriction set for 8/27/2026.(Miller, Timothy) (Entered: 05/29/2026) |
|---|---|---|
| 06/01/2026 | 208 | RESPONSE re 204 MOTION to Stay re 202 Order on Motion for Preliminary Injunction,, *Pending Appeal* filed by JAS KAPULE, ALISHEA SOPHIA KINGDOM, SOLO NICHOLS. (Attachments: # 1 Text of Proposed Order)(Shah, Aditi) (Entered: 06/01/2026) |
| 06/01/2026 | 209 | REPLY to opposition to motion re 204 Motion to Stay filed by CHRISTOPHER A. BINA, TODD BLANCHE, DANA R. DIGIACOMO, WILLIAM K. MARSHALL, III, DONALD J. TRUMP. (Littman, M.) (Entered: 06/01/2026) |
| 06/01/2026 | 211 | **REQUEST FOR LEAVE TO FILE REVIEW.** The attached document requires leave to file: DERRICK KITZMILLER – Motion for Leave to File Declaration. Reason(s): Filer is not a party to the case. (znmw) (Entered: 06/03/2026) |
| 06/02/2026 | 210 | ORDER denying 204 Motion to Stay. See Order for more details. Signed by Judge Royce C. Lamberth on 6/2/2026. (lcrcl1) (Entered: 06/02/2026) |
| 06/12/2026 | 214 | **REQUEST FOR LEAVE TO FILE REVIEW.** The attached document requires leave to file: DARNELL NASH – Motion for Protective Order. Reason(s): Filer is not a party to the case. (znmw) (Entered: 06/16/2026) |
| 06/15/2026 | 213 | Mail Returned as Undeliverable re 180 Order on Motion for Leave to File Sent to Marissa Hunt; Resent to New Address: Refused – Unable to Forward. (smc) (Entered: 06/15/2026) |
| 06/17/2026 | 215 | ORDER granting 179 Motion for Preliminary Injunction; granting 179 Motion to Stay. See Order and accompanying Memorandum Opinion for details. Signed by Judge Royce C. Lamberth on 6/17/2026. (lcrcl1) (Entered: 06/17/2026) |
| 06/17/2026 | 216 | MEMORANDUM OPINION re 215 Order. Signed by Judge Royce C. Lamberth on 6/17/2026. (lcrcl1) (Entered: 06/17/2026) |
| 06/17/2026 | 217 | ORDER of USCA staying district court's 5/26/2026 order as to 203 Notice of Appeal to DC Circuit Court, filed by DONALD J. TRUMP, SHANE SALEM, WILLIAM K. MARSHALL, III, CHRISTOPHER A. BINA, DANA R. DIGIACOMO, TODD BLANCHE, PAMELA J. BONDI, WILLIAM W. LOTHROP; USCA Case Number 26–5181. (znmw) (Entered: 06/17/2026) |
| 06/17/2026 | | MINUTE ORDER finding as moot 160 Motion to Quash. Signed by Judge Royce C. Lamberth on 6/17/2026. (lcrcl1) Modified to add minute on 6/18/2026 (zsmc). (Entered: 06/17/2026) |
| 06/17/2026 | 218 | Memorandum in opposition to re 187 MOTION for Summary Judgment *and Memorandum of Law in Support Thereof* filed by JAS KAPULE, ALISHEA SOPHIA KINGDOM, SOLO NICHOLS. (Attachments: # 1 Statement of Facts, # 2 Text of Proposed Order)(Shah, Aditi) (Entered: 06/17/2026) |
| 06/17/2026 | 219 | Memorandum in opposition to re 190 MOTION for Extension of Time to Complete Discovery MOTION to Stay *Discovery Pending Disposition of Defendants Motion* |

| | | |
|---|---|---|
| | | *for Summary Judgment, or in the Alternative, to Extend the Discovery Response Deadline by 30 Day* filed by JAS KAPULE, ALISHEA SOPHIA KINGDOM, SOLO NICHOLS. (Attachments: # 1 Statement of Facts, # 2 Text of Proposed Order)(Shah, Aditi) (Entered: 06/17/2026) |
| 06/18/2026 | 220 | **REQUEST FOR LEAVE TO FILE REVIEW.** The attached document requires leave to file: MARRISSA HUNT – Two Letters. Reason(s): Filer is not a party to the case. (znmw) (Entered: 06/22/2026) |
| 06/22/2026 | 221 | NOTICE OF APPEAL TO DC CIRCUIT COURT as to 216 Memorandum & Opinion, 215 Order on Motion for Preliminary Injunction, Order on Motion to Stay by CHRISTOPHER A. BINA, TODD BLANCHE, WILLIAM K. MARSHALL, III, DANA R. DIGIACOMO, DONALD J. TRUMP. Fee Status: No Fee Paid. (Littman, M.) (Entered: 06/22/2026) |
| 06/22/2026 | 222 | MOTION to Stay re 215 Order on Motion for Preliminary Injunction, Order on Motion to Stay *Pending Appeal* by CHRISTOPHER A. BINA, TODD BLANCHE, DANA R. DIGIACOMO, WILLIAM K. MARSHALL, III, DONALD J. TRUMP. (Littman, M.) (Entered: 06/22/2026) |

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| ALISHEA KINGDOM, *et al.*,<br><br><br>Plaintiffs,<br><br>v.<br><br>DONALD J. TRUMP, *et al.*,<br><br><br>Defendants. | Civ. A. No. 25-691 (RCL) |

**NOTICE OF APPEAL**

Defendants hereby appeal to the United States Court of Appeals for the District of Columbia Circuit from the June 17, 2026 Order granting Plaintiffs' Motion for an Updated Preliminary Injunction and to Stay Agency Action (ECF No. 215) and the accompanying Memorandum Opinion (ECF No. 216).

Dated: June 22, 2026

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General

JEAN LIN
Special Litigation Counsel

/s/ *M. Jared Littman*
M. JARED LITTMAN
ELIZABETH B. LAYENDECKER
Trial Attorneys
U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, NW
Washington D.C. 20005
Jared.littman2@usdoj.gov

*Counsel for Defendants*

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

**ALISHEA KINGDOM**, *et al.*,

    *Plaintiffs,*

**v.**

**DONALD J. TRUMP**, *et al.*,

    *Defendants*.

**Case No. 1:25-cv-691-RCL**

<u>**MEMORANDUM OPINION**</u>

Plaintiffs in this dispute are inmates in the custody of the Bureau of Prisons ("BOP") who have been medically diagnosed with gender dysphoria. During their periods of incarceration, BOP has provided Plaintiffs with hormone therapy, social accommodations, and surgery (collectively "gender-affirming care"), to mitigate the negative psychological effects of their condition. On January 20, 2025, President Trump issued Executive Order ("EO") 14168, titled "Defending Women from Gender Ideology Extremism and Restoring Biological Truth to the Federal Government." Section 4(c) of the EO provides that federal funds shall not be spent on any medical treatment for the purpose of conforming an inmate's appearance to that of the opposite sex. BOP subsequently promulgated two Implementing Memoranda to guide the agency's execution of the EO's commands. On June 3, 2025, this Court stayed both Implementing Memoranda pursuant to 5 U.S.C. § 705, enjoined Defendants from enforcing the EO as applied to gender-affirming care, and ordered BOP to provide gender-affirming care in accordance with BOP policy and practice in effect immediately prior to the issuance of the EO on January 20, 2025. This Court also certified

1

a class consisting of "all persons who are currently or will be incarcerated in BOP facilities with a current diagnosis of gender dysphoria or who receive such a diagnosis in the future."

On February 19, 2026, BOP Issued Program Statement 5260.01 ("the Program Statement"), titled "Management of Inmates with Gender Dysphoria," that superseded the original Implementing Memoranda. Like those Memoranda and the EO, the Program Statement is a near total ban on gender-affirming care. At bottom, the Program Statement seeks to provide only psychotherapy and psychotropic medication to treat gender dysphoria. Plaintiffs, on behalf of the class, have moved to preliminarily enjoin enforcement of the Executive Order and the Program Statement, and to stay the Program Statement while this litigation is pending. For the reasons that follow, Plaintiffs' Motion is **GRANTED** with a modification to the scope of the requested injunction.

With this Opinion, the Court has no intention of wading into the culture war being waged against transgender individuals. As detailed below, the Court simply decides whether the Bureau of Prisons followed mandatory administrative procedure when it issued its new policy concerning the provision of gender-affirming care to inmates diagnosed with gender dysphoria.

## I.   BACKGROUND

Before considering the merits of Plaintiffs' challenge to the Program Statement, the Court finds it necessary to summarize the evidence both parties present regarding gender-affirming care, as well as the factual background of the new policy and the procedural history of this case.

### A. Gender Dysphoria and Gender-Affirming Care

Gender dysphoria is a serious medical condition codified in the American Psychiatric Association's *Diagnostic and Statistical Manual of Mental Disorders* (DSM). Declaration of Dr. Dan H. Karasic in Support of Plaintiffs' Motion for a Preliminary Injunction ("First Karasic Decl.") ¶ 48, ECF No 7-2. The term "gender dysphoria" describes distress related to the

2

incongruence between one's gender identity and attributes related to one's sex assigned at birth. *Id.* ¶ 47. "The condition is associated with clinically significant distress or impairment in social, occupational, or other important areas of functioning." *Id.* ¶ 49. "When untreated, gender dysphoria can cause significant distress including increased risk of depression, anxiety, self-harm and suicidality." *Id.* ¶ 51. Defendants do not contest that gender dysphoria exists and that it can have serious manifestations. Where the parties split is over the medical necessity and efficacy of several modes of treatment collectively known as "gender-affirming care." That care includes hormone therapy, social accommodations to help patients live in line with their gender identities, and surgery when clinically indicated. Plaintiffs present evidence that gender-affirming care is widely accepted and effective to treat gender dysphoria. Defendants, by contrast, point primarily to caselaw and the declaration of a single medical expert with little experience treating gender dysphoria to demonstrate an emerging "medical debate" over the efficacy and risks associated with this care.

Through the declarations of medical expert Dr. Dan H. Karasic,[1] Plaintiffs present evidence of what they characterize as the dominant medical view on gender-affirming care. That view is summarized as follows: Gender dysphoria is amenable to treatment and the prevailing treatment for it—gender-affirming care (including hormone therapy, social transition, and surgery when clinically indicated)—is highly effective. *Id.* ¶¶ 50–52, 64, 66. Gender-affirming care can eliminate the distress of gender dysphoria by helping patients live consistently with their gender

---

[1] Dr. Karasic, is a psychiatrist and Professor Emeritus of Psychiatry at the University of California – San Francisco. He has more than 30 years of experience treating patients with gender dysphoria, has served as the chair of the American Psychiatric Association Workgroup on Gender Dysphoria, and previously sat on the Board of Directors of the World Professional Association for Transgender Health ("WPATH"). First Karasic Decl. ¶¶ 4–8, ECF No. 7-2. Dr. Karasic contributed to the WPATH Standards of Care for the Health of Transsexual, Transgender, and Gender Nonconforming People and remains active in the work of WPATH. *Id.* ¶ 8.

identity. *Id.* ¶¶ 63, 72. It is supported by all major American medical and mental health professional organizations and is reflected in the clinical practice guidelines for the treatment of gender dysphoria that are regularly relied on by healthcare providers. *Id.* ¶¶ 53–62.

Gender-affirming care has been studied for over half a century and decades of scientific research and clinical experience have demonstrated that social transition and hormone therapy are effective in treating gender dysphoria. *Id.* ¶¶ 28, 72, 73; Declaration of Dr. Dan Karasic in Support of Plaintiffs' Motion for an Updated Preliminary Injunction ("Third Karasic Decl.") ¶ 24, ECF No. 179-2. This evidence is of the type and quality that supports many other widely accepted medical treatments. First Karasic Decl. ¶ 73, ECF No. 7-2; Third Karasic Decl. ¶ 25, ECF No. 179-2. Moreover, there is substantial evidence that hormone therapy for treatment of gender dysphoria is safe and presents risks comparable to the risks associated with other well-accepted medical treatments, including the use of hormones to treat other conditions in cisgender individuals. *See generally* Declaration of Dr. Ole-Petter Hamnvik ("Hamnvik Decl."), ECF No. 179-3.

For patients for whom gender-affirming care is clinically indicated, no alternative treatments have been demonstrated to be effective. First Karasic Decl. ¶ 81, ECF No. 7-2. Moreover, there is no evidence that psychotherapy or psychotropic medications on their own can alleviate the distress of gender dysphoria. Third Karasic Decl. ¶¶ 41–45. Gender-affirming care is, therefore, medically necessary. First Karasic Decl. ¶ 28, ECF No. 7-2. Denying individuals with gender dysphoria the ability to socially transition or obtain hormone therapy will predictably lead to mental health risks. *Id.* ¶¶ 28, 39, 80, 82. These risks include exacerbated depression, anxiety, suicidal ideation, and self-harm. *Id.* ¶ 83. In extreme cases, individuals may even resort to self-treatment by attempting to self-castrate or remove their own breasts. *Id.* ¶¶ 83–84.

4

The government, for its part, suggests that the dominant view no longer enjoys consensus. To support the ban on gender-affirming care contained in the Program Statement, Defendants point to evidence throughout the administrative record that purports to demonstrate a "debate" in the medical community concerning the efficacy of and risks associated with gender-affirming care. That evidence primarily includes citations to other judicial opinions[2] and a declaration from medical expert Dr. Kristopher Kaliebe, a psychiatrist retained for the purposes of this litigation with limited experience treating patients with gender dysphoria. Declaration of Dr. Kristopher Kaliebe ("Kaliebe Decl.") ¶ 1, ECF No. 160-2; *see also* Deposition of Dr. Kristopher Kaliebe in *Keohane v. Dixon* ("Kaliebe Tr.") at 6 (16:07–16:10), 9–10 (20:9–21:10), ECF No. 179-5 (testifying that he has only ever treated around 6 to 8 adult patients with gender dysphoria out of approximately 20,000 patients over the course of his career).

The government argues that the "debate" in the medical community results from newly available information that WPATH is a political organization whose guidelines cannot withstand scientific scrutiny. Mem. in Opp'n to Mot. for Prelim. Injunction ("Opp'n") at 1–2, ECF No. 186. Specifically, the government claims that concerns about the body of research underlying the WPATH model have resulted in a "newer more rapidly evolving clinical landscape" that has hampered the identification of a universal standard of care. Administrative Record ("AR") at 3–8, ECF No. 186–1. As a result, the government notes that many European countries "have distanced themselves" from the WPATH standards and that leading organizations in the United

---

[2] The government repeatedly cites caselaw as demonstrating "medical debate." *See, e.g.*, Mem. in Opp'n to Mot. for Prelim. Injunction ("Opp'n") at 3, 17–19, 33–37, ECF No. 186. But judicial opinions state legal standards—they typically do not carry evidentiary value absent a court taking judicial notice of the facts established in them, and even then, a court must "reach its own, independent findings of fact" notwithstanding what other judges have said in prior cases implicating the same issues. *Rimkus v. Islamic Republic of Iran*, 750 F. Supp. 2d 163, 172 (D.D.C. 2010); *see also* Fed. R. Evid. 201(b). Because the government has not attempted to argue that the factual assertions in these cases are deserving of judicial notice, the Court affords no evidentiary weight to these citations.

States are also reevaluating their clinical guidance. *Id.* at 4. The government does not suggest that the "debate" has resulted in medical consensus around any alternative treatment method, but nevertheless claims—primarily through the declaration of Dr. Kaliebe—that it is better to treat gender dysphoria with psychotherapy and psychotropic medications than with gender-affirming care. AR at 2613–18, ECF No. 186–2. *But see* Kaliebe Tr. at 46–47 (144:9–145:4), ECF No. 179-5 (admitting that there is no evidence showing that psychotherapy is efficacious in treating gender dysphoria).

After becoming aware of this "new" evidence and the "debate" in the medical community, the government concluded that it was necessary to revise its prior policy of providing gender-affirming care to inmates diagnosed with gender dysphoria.

## B. Factual Background & Procedural History

### 1. BOP's Treatment of Individuals with Gender Dysphoria Prior to the EO

BOP is responsible for "the safekeeping, care, and subsistence of all persons charged with or convicted of offenses against the United States." 18 U.S.C. § 4042(a). BOP's Health Services Division is tasked with delivering "medically necessary health care to inmates effectively[,] in accordance with proven standards of care[, and] without compromising public safety concerns inherent to the Bureau's overall mission." Program Statement 6010.05 (June 26, 2014), *Health Services Administration* § 1, ECF No. 36-2. "Providing health care within a correctional environment presents unique challenges not encountered by practitioners elsewhere." *Id.* § 2. When there is an "incompatibility between medical and correctional guidelines," conflicts "should be resolved, as far as practical, in favor of medicine." *Id.* The Health Services Division follows certain "core principles," including that all inmates "deserve medically necessary health care" that is evidence based, meaning that it is "generally supported by outcome data." *Id.*

6

Prior to the issuance of EO 14168, inmates in BOP's custody diagnosed with gender dysphoria received gender-affirming care when clinically indicated.  Declaration of Dr. Cathy Thompson ("First Thompson Decl."), ¶ 33, Ex. B thereto ("2022 Transgender Offender Manual"), and Ex. C thereto ("2023 Clinical Guidelines"), ECF No. 7-3.  That care applied well-accepted medical protocols, including the WPATH guidelines, to individualized patient need.  *See generally* 2023 Clinical Guidelines, ECF No. 7-3.  BOP first issued clinical guidelines concerning the care of individuals with gender dysphoria in 2017 and periodically updated those guidelines to more "closely align [them] with community standards."  *Id.* at i.  The guidelines were developed in response to the fact that transgender individuals in BOP custody were more likely to require services to manage mental health crises than other inmates who are not transgender.  First Thompson Decl. ¶ 27, ECF No. 7-3.  The guidelines were most recently updated in 2023 and included the provision of hormone therapy, social accommodations, and surgical interventions when clinically indicated.

In 2017, BOP issued the "Transgender Offender Manual," which called for individualized assessment for hormone therapy and other treatment in accordance with BOP's clinical guidelines, and also set forth the clothing and commissary policies applicable to transgender inmates.  *Id.* ¶¶ 28, 32–38 and Ex. B thereto.  To implement these policies, BOP's Health Services Division created a Transgender Clinical Care Team made up of physicians, pharmacists, and social workers. *Id.* ¶ 33.  BOP also created a Transgender Executive Council, which was the "decisionmaking body on all issues affecting the transgender population."  *Id.* ¶ 31.  That body included senior correctional leaders from BOP's Women and Special Populations Branch as well as BOP's senior psychologist, psychiatrist, security expert, and medical administrator.  *Id.*

### 2. EO 14168 and the Original Implementing Memoranda

7

On January 20, 2025, President Donald J. Trump signed an executive order, which provides in pertinent part:

> Sec. 4(c): The Attorney General shall ensure that the Bureau of Prisons revises its policies concerning medial care to be consistent with this order, and shall ensure that no Federal funds are expended for any medical procedure, treatment, or drug for the purpose of conforming an inmate's appearance to that of the opposite sex.
>
> * * *
>
> Sec. 8(b): This order shall be implemented consistent with applicable law and subject to the availability of appropriations.

Exec. Order 14168, *Defending Women from Gender Ideology Extremism and Restoring Biological Truth to the Federal Government*, 90 Fed. Reg. 8615 (Jan. 20, 2025) (the "Executive Order" or "EO").

Pursuant to the command contained in Section 4(c), BOP began the process of formulating a policy consistent with the Executive Order. On February 21, 2025, BOP issued an implementing memorandum (the "First Implementing Memorandum") which provided, in relevant part, that "[n]o appropriated funds should be utilized to purchase any items that align with transgender ideology (e.g., binders, stand-to-pee devices, hair removal devices, etc.)" and that "[r]equests for clothing accommodations (e.g., issuance of smocks for male inmates and undergarments that do not align with an inmate's biological sex) will not be issued." Compl. Ex.1 thereto ("First Implementing Memorandum"), ECF No 1-1. On February 28, 2025, BOP issued another implementing memorandum providing that "Consistent with Executive Order (EO) 14168, . . . no Bureau of Prisons funds are to be expended for any medical procedure, treatment, or drug for the purpose of conforming an inmate's appearance to that of the opposite sex." Compl. Ex. 2 thereto ("Second Implementing Memorandum"), ECF No. 1-2.

The three named plaintiffs in this case—transgender inmates who were diagnosed with gender dysphoria by BOP medical staff, who were in BOP's custody at the time that the Executive

8

Order and Implementing Memoranda were issued, and who remain in BOP custody today—initiated this action on March 7, 2025.  Compl. ¶¶ 1, 4, 24–26, ECF No. 1.

### 3.  June 3, 2025 Preliminary Injunction

On March 17, 2025, Plaintiffs moved for a preliminary injunction and for class certification.  Mot. for Prelim. Injunction, ECF No. 7.  On June 3, 2025, this Court certified a class consisting of "all persons who are currently or will be incarcerated in BOP facilities with a current diagnosis of gender dysphoria or who receive such a diagnosis in the future," Mem. Op. at 27, ECF No. 67, stayed the Implementing Memoranda pursuant to 5 U.S.C. § 705, and enjoined Defendants from enforcing EO 14168 or the Implementing Memoranda, *id.* at 1–2.  This Court concluded that Plaintiffs were likely to succeed on the merits of their APA claim that the Implementing Memoranda were arbitrary and capricious based, in part, on the lack of a reasoned explanation for the policy.  *Id.* at 20–23.  As a result, this Court did not delve into the merits of Plaintiffs' Eighth Amendment claim.  *Id.* at 23.

After the preliminary injunction issued, Defendants informed Plaintiffs' counsel that BOP would not produce an administrative record for the Implementing Memoranda, and would instead produce an administrative record for the new policy it was working on when it issued.  Li Nowlin-Sohl Decl. ¶¶ 10–11, ECF No. 87–2.  On February 19, 2026, BOP issued Program Statement 5260.01, titled "Management of Inmates with Gender Dysphoria."  Notice of New BOP Policy, ECF No. 125.  Like the Implementing Memoranda and the EO, the Program Statement is a near total ban on gender-affirming care.

### 4.  Program Statement 5260.01

At bottom, the Program Statement (or policy) seeks to provide only mental health services and psychotropic medication to treat gender dysphoria.  It prohibits gender-affirming surgery,

9

hormone therapy, and social accommodations, with exceedingly few exceptions. *Id.* §§ 5(a)-(c), at 6–8.

The policy's "Treatment" section purports to establish "individualized, treatment plans that are tailored to the specific clinical needs of the inmate," *id.* § 5(a), at 6, but goes on to state that "[i]n general, identified medical and psychiatric comorbidities should be addressed before treatment for [gender dysphoria] proceeds," *id.* Indeed, the policy states that "[p]sychotherapy should be prioritized," and that further treatment for gender dysphoria may only "proceed once these medical and psychiatric comorbidities are resolved or ruled out as the potential cause of" gender dysphoria. *Id.* The policy then goes on to prohibit several modes of gender-affirming care for individuals who have not already received them, and to "taper" off those who have.

To begin, BOP will no longer provide sex trait modification surgeries to treat gender dysphoria. *Id.* § 5(b), at 7. For inmates who have already received these surgeries, medical care will be provided to address complications and resulting conditions. *Id.* Additionally, BOP will no longer provide social accommodations such as clothing and hair-removal devices to inmates diagnosed with gender dysphoria. *Id.* § 5(d), at 8. "If the inmate currently has social accommodations, the Bureau shall no longer provide the social accommodations and, when practicable, [will] remove or confiscate the social accommodations." *Id.*

Regarding the provision of hormone therapy, the Program Statement differentiates between several groups of inmates diagnosed with gender dysphoria. For those who are not currently receiving hormones, BOP will not provide hormone therapy to address gender dysphoria. *Id.* § 5(c)(i), at 7. For inmates who are currently receiving hormones, BOP will place "all such inmates" on a "tapering plan" that considers "the appropriate factors such as the duration the inmate has been receiving hormones to address [gender dysphoria], the initial rationale for

10

receiving the hormone intervention, the response by the inmate to the intervention, and whether the inmate has undergone sex trait modification surgery." *Id.* § 5(c)(ii), at 7–8. For those who have "recently begun receiving hormones," the tapering plan will include "a rapid discontinuation" of hormones. *Id.* at 8. For inmates who have been receiving hormones "for an extended period of time," the tapering plan will include "an appropriately paced discontinuation of the hormone intervention." *Id.*

BOP places inmates who are (1) post-surgery or (2) have been receiving hormones for an "extended period of time *and* develop severe physiological and psychological withdrawal effects from tapering" in a category of their own. *Id.* (emphasis added). For these especially vulnerable individuals, "it may not be appropriate in all cases for the initial tapering plan to include cessation of hormones." *Id.* However, even for these special groups, "tapering plans should be reevaluated regularly with respect to cessation of hormones." *Id.* Foreseeing that tapering may lead to complications, the Program Statement notes that for all groups, "[t]apering plans may be adjusted as necessary . . . but the adjusted tapering plans must still be consistent with the purpose of this policy." *Id.*

### 5. Administrative Record

On March 12, 2026, BOP filed a certified index of the administrative record associated with the Program Statement, AR, ECF No. 151, and produced the entire 3,000-page administrative record to Plaintiffs. Defendants represent that in revising its policy for the treatment of gender dysphoria, BOP "conducted extensive reviews of, among other things, relevant medical studies, state correctional policies, pertinent case law, prison administration and security concerns, and expert medical opinions." Opp'n at 7, ECF No. 186 (citing AR at 1–4, 5–47, ECF No. 186-1). Of note, the AR includes a four-page memo on the administrative record itself ("AR Memo"), as well

11

as a 43-page policy memo ("Policy Memo") explaining the agency's reasoning for the new policy. In sum, the agency concluded that due to new evidence of a debate in the medical community regarding the efficacy of and risks associated with gender-affirming care, the benefits to inmates of providing such care no longer outweighed BOP's other security and prison-administration concerns. *See generally* Policy Memo, AR at 5–47, ECF No. 186-1. As a result, BOP decided it would no longer provide gender-affirming care and would instead use psychotherapy and psychotropic medication to treat gender dysphoria. *Id.* at 29–30.

### 6. Motion for an Updated Preliminary Injunction

On April 29, 2026, Plaintiffs Alishea Kingdom, Solo Nichols, and Jas Kapule, on behalf of all class members, filed a supplemental complaint to challenge the new policy, Supp. Compl., ECF No. 182, and moved this Court for a preliminary injunction enjoining Defendants, their contractors, employees, and agents (1) from enforcing Executive Order 14168 as applied to medical care and social accommodations for people in BOP custody and from enforcing Program Statement 5260.01, and (2) to provide Plaintiffs and class members gender-affirming care in accordance with BOP policy and practice in effect immediately prior to the issuance of the EO on January 20, 2025. Mot. for Prelim. Injunction, ECF No. 179. Additionally, Plaintiffs moved for a stay of the Program Statement pursuant to 5 U.S.C. § 705. *Id.* On May 13, 2026, Defendants opposed the motion and filed a motion for summary judgment on all of Plaintiffs' claims. Opp'n, ECF No. 186. On May 27, 2026, this Court held a hearing on the motion for preliminary injunction. Today, the Court decides only that motion.

### II. LEGAL STANDARDS

### A. Preliminary Injunction

Preliminary injunctive relief is warranted if the movant meets its burden to show that (1) the movant is likely to succeed on the merits; (2) the movant is likely to suffer irreparable harm unless

12

preliminary relief is granted; (3) the balance of the equities favors a preliminary injunction; and (4) that a preliminary injunction is in the public interest. *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). Courts in this Circuit have adopted a sliding scale approach to the preliminary injunction analysis, whereby a relatively strong showing on one of these factors may partially offset weakness in another, although some non-speculative showing of irreparable harm is essential. *CityFed Fin. Corp. v. Office of Thrift Supervision*, 58 F.3d 738, 747 (D.C. Cir. 1995). Where, as here, the government is a party, the latter two factors of the analysis merge into one, because the interest of the government is taken to be identical to the interest of the public. *Nken v. Holder*, 556 U.S. 418, 435 (2009). In evaluating these factors, a Court must bear in mind that preliminary injunctive relief is an extraordinary form of relief that "should be sparingly exercised." *Dorfmann v. Boozer*, 414 F.2d 1168, 1173 (D.C. Cir. 1969) (cleaned up). A motion to stay agency action pending review under 5 U.S.C. § 705 is governed by the same standard. *Green Oceans v. U.S. Dep't of the Interior*, No. 24-cv-141-RCL, 2024 WL 3104945, at *2 n.3 (D.D.C. June 24, 2024).

### B. Judicial Review Under the APA

The Administrative Procedure Act provides for judicial review of final agency action. 5 U.S.C. §§ 702, 704. A reviewing court must "hold unlawful and set aside agency action" that is, among other defects, "arbitrary, capricious, . . . or otherwise not in accordance with law." *Id.* § 706(2). The APA generally limits judicial review to the administrative record. *Theodore Roosevelt Conservation P'ship v. Salazar*, 616 F.3d 497, 514 (D.C. Cir. 2010). Moreover, "to the extent necessary to prevent irreparable injury," the APA authorizes courts to "postpone the effective date of an agency action or to preserve status or rights pending conclusion of the review proceedings." *Id.* § 705. "The four-factor standard used by courts for a motion to stay agency action is the same

13

legal standard as that used in a motion for preliminary injunction." *Hill Dermaceuticals, Inc. v.*

*U.S. Food & Drug Admin*, 524 F.Supp.2d 5, 7 (D.D.C. 2007).

## III.   DISCUSSION

### A.  The Court's Jurisdiction to Enjoin Enforcement of the EO

Plaintiffs moved this Court for a preliminary injunction enjoining Defendants, their contractors, employees, and agents (1) from enforcing Executive Order 14168 as applied to medical care and social accommodations for people in BOP custody and from enforcing Program Statement 5260.01, and (2) to provide Plaintiffs and class members gender-affirming care in accordance with BOP policy and practice in effect immediately prior to the issuance of the EO on January 20, 2025.  ECF No. 179.  Additionally, Plaintiffs moved for a stay of Program Statement 5260.01 pursuant to 5 U.S.C. § 705.

Defendants argue that this Court lacks jurisdiction to enjoin enforcement of the executive order.  Plaintiffs counter that the Court has already done so in this case.  *See* Mem. Op. at 1–2, ECF No. 67 (enjoining Defendants from enforcing the EO "as applied to medical hormone therapy and social accommodations for people in the custody of BOP").  While that may be true, it is also true that jurisdiction was not contested when this Court issued its June 3, 2025 preliminary injunction.  At this early stage of litigation and without more extensive briefing, the Court declines to take up this question on an expedited basis.  Instead, the Court grants Plaintiffs' injunction with the following modification:

> Defendants, their contractors, employees, and agents are enjoined (1) from enforcing Program Statement 5260.01, and (2) are ordered to provide Plaintiffs and class members gender-affirming medications and social accommodations in accordance with BOP policy and practice in effect immediately prior to the issuance of the EO on January 20, 2025.  Additionally, Program Statement 5260.01 is stayed pursuant to 5 U.S.C. § 705.

### B.  The Plaintiffs Are Likely to Succeed on the Merits of their APA Claim

14

Plaintiffs argue that the Program Statement violates the APA on multiple grounds. First, because the APA requires courts to set aside unconstitutional agency action, and here the Program Statement violates the Eighth Amendment. Second, because the Program Statement is arbitrary and capricious based on its lack of reasoned decisionmaking. *Dep't of Com. v. New York*, 588 U.S. 752, 773 (2019). The Court agrees that the Program Statement amounts to arbitrary and capricious action and accordingly holds that Plaintiffs are likely to succeed on the merits of their APA claim. The Court declines to reach Plaintiffs' constitutional arguments at this time, and accordingly does not take up this aspect of Plaintiffs' APA claim.

"[A]s a matter of judicial restraint and 'governance,' courts generally should endeavor to resolve cases on non-constitutional grounds and should entertain constitutional questions only when necessary." *Uthman v. Trump*, 486 F. Supp. 3d 350, 356 (D.D.C. 2020) (Lamberth, J.) (quoting *Ashwander v. Tenn. Valley Auth.*, 297 U.S. 288, 346 (1936)). It stands to reason that the need for such "judicial restraint" is heightened in cases, such as the one at hand, where the factual record is necessarily thin due to the procedural posture of the litigation. Therefore, because the Court assesses that Plaintiffs are likely to prevail on their APA claim, the Court need not delve into the merits of their Eighth Amendment claim at this time.

### 1. The Plaintiffs Are Challenging Final Agency Action

As a threshold matter, the Court must determine whether BOP's actions constitute "final agency action" susceptible to APA review. 5 U.S.C. § 704. Executive orders themselves are not susceptible to APA review for the simple reason that "the President is not an 'agency' under" the APA. *Chamber of Comm. of U.S. v. Reich*, 74 F.3d 1322, 1326 (D.C. Cir. 1996); *see also League of United Latin Am. Citizens v. Exec. Off. of President*, 780 F. Supp. 3d 135, 171 (D.D.C. 2025) (holding that because the President is not an agency, "the APA does not supply a cause of action

15

to challenge an executive order"). However, where the President delegates the implementation of an executive order to an agency, that agency's actions are not derivatively shielded from APA review. *See Tate v. Pompeo*, 513 F. Supp. 3d 132, 142 (D.D.C. 2021) (holding that an "attempt to bootstrap the nonreviewability of presidential actions to discretionary authority delegated to" an agency did "not have support in precedent"); *Gomez v. Trump*, 485 F. Supp. 3d 145, 177 (D.D.C. 2020) ("To the extent Defendants contend that the court is foreclosed from reviewing agency actions taken to implement [Presidential] Proclamations, they are wrong.") (emphasis omitted); *O.A. v. Trump*, 404 F. Supp. 3d 109, 147 (D.D.C. 2019) ("The Court . . . need not pause over the fact that presidential actions are not themselves subject to APA review because it is the Rule, and not the Proclamation, that has operative effect.") (citation omitted).

Here, such a delegation plainly appears on the face of the Executive Order. *See* EO 14168 Sec. 4(c) (instructing the Attorney General and BOP to "revise[] [BOP's] policies concerning medical care to be consistent with this order"). Moreover, the Program Statement itself states that the "Bureau will comply with . . . Executive Order [14168] unless compliance with the Executive Order is prohibited by a court injunction or court order." Program Statement § 5, at 5–6, ECF No. 125. As a result, BOP's actions taken pursuant to this directive, including the Program Statement, do not partake of the President's exemption from APA review.

Having determined that the actions challenged here are those of an "agency," the next question is whether they are "final." An agency's action is final if it "mark[s] the 'consummation' of the agency's decisionmaking process" and is "one by which 'rights or obligations have been determined,' or from which 'legal consequences will flow . . . .'" *Bennett v. Spear*, 520 U.S. 154, 177–78 (1997) (first quoting *Chi. & S. Air Lines, Inc. v. Waterman S.S. Corp.*, 333 U.S. 103, 113 (1948), and then quoting *Port of Bos. Marine Terminal Ass'n v. Rederiaktiebolaget Transatlantic*,

16

400 U.S. 62, 71 (1970)). Both aspects of the *Bennett* test are met here. BOP's mind was made up as to its obligation to provide gender-affirming care by the time the Program Statement was issued on February 19, 2026. The only reason the new policy has not yet taken effect is because of the existence of this Court's preliminary injunction that was first issued on June 3, 2025. So even though the Program Statement has not yet been applied to class members, BOP's "decisionmaking process" undergirding the future termination of Plaintiffs' gender-affirming treatments is complete, which is all that *Bennett* requires. Moreover, the government does not dispute that the Program Statement represents final agency action.

## 2. The Plaintiffs Have Demonstrated a Likelihood that BOP's Action Was Arbitrary and Capricious

The APA provides that agency action may be set aside if it is "arbitrary" or "capricious." 5 U.S.C. § 706(2)(a). Agency action is arbitrary or capricious if the agency "has relied on factors which Congress has not intended it to consider, entirely failed to consider an important aspect of the problem, offered an explanation for its decision that runs counter to the evidence before the agency, or is so implausible that it could not be ascribed to a difference in view or the product of agency expertise." *Motor Vehicle Mfrs. Ass'n of U.S., Inc. v. State Farm Mut. Auto. Ins. Co.*, 463 U.S. 29, 43 (1983). "The scope of review under the 'arbitrary and capricious' standard is narrow and a court is not to substitute its judgment for that of the agency." *Id.* "A court simply ensures that the agency has acted within a zone of reasonableness and, in particular, has reasonably considered the relevant issues and reasonably explained the decision." *F.C.C. v. Prometheus Radio Project*, 592 U.S. 414, 423 (2021).

Plaintiffs contend that the Program Statement is arbitrary and capricious for several reasons, including that BOP did not properly consider its own prior experience providing gender-affirming care to inmates diagnosed with gender dysphoria, and because the Program Statement's

17

prohibition on gender-affirming care is objectively unreasonable given the evidence before the agency.  For these reasons, Plaintiffs argue that the Program Statement was preordained, rests on a pretextual basis, and is reverse engineered to implement the Executive Order.  The government disputes each of these claims and points to the 3,000-page administrative record as containing ample evidence of its reasoned decisionmaking.  For the reasons that follow, the Court agrees with Plaintiffs and holds that the Program Statement amounts to arbitrary and capricious agency action.

### (i) BOP Did Not Properly Consider Its Own Experience Providing Gender-Affirming Care Under the Prior Policy.

The D.C. Circuit has held that "an agency's refusal to consider evidence bearing on the issue before it constitutes arbitrary agency action within the meaning of § 706." *Butte Cnty., Cal. v. Hogen*, 613 F.3d 190, 194 (D.C. Cir. 2010).  "This proposition may be deduced from case law applying the substantial evidence test, under which an agency cannot ignore evidence contradicting its position." *Id.*  Here, Plaintiffs contend that the government failed to consider critical information it had in its possession when formulating the Program Statement: BOP's own experience providing gender-affirming care to inmates diagnosed with gender dysphoria for many years under its prior policy.  Based on the current record, the Court agrees that Defendants did not adequately consider this experience.

The government states that in revising its medical policies on gender-affirming care, it "considered the relevant issues," including among other things: "extensive reviews of existing research, medical expert opinions, medical journals, national media reports, recent medical studies, state correctional policies, BOP's prior policies, and pertinent case law."  AR Memo at 1, ECF No. 160-1.  Based on this review, the government concluded that gender-affirming care is "unproven" and "not medically necessary to treat gender dysphoria, *especially* in the correctional context," Policy Memo at 5, 9, 12, 20–21, ECF No. 160-2 (emphasis added).  It also concluded that these

18

treatments pose "serious security and prison-administration concerns" within BOP facilities.  *Id.* at 14, 24.  As a result, BOP decided that with very limited exceptions, it would no longer provide gender-affirming care to inmates diagnosed with gender dysphoria.

These conclusions imply that the government considered evidence *from* the correctional environment when formulating its new policy.  Indeed, the government acknowledges that it reviewed "five different state correctional policies (Florida, California, Kentucky, Oklahoma, and Minnesota) to understand how those states address gender dysphoria in the correctional context." Opp'n at 8 (citing AR 3).  To be sure, this evidence is relevant to BOP's new policy.  But the government has other relevant evidence of the efficacy and safety of gender-affirming care in correctional facilities—its own experience providing this care to inmates diagnosed with gender dysphoria for nearly a decade.

Recall that BOP first issued clinical guidelines concerning the care of individuals with gender dysphoria in 2017 and periodically updated those guidelines to more "closely align [them] with community standards."  2023 Clinical Guidelines at i, ECF No. 7-3.  The guidelines were most recently updated in 2023 and included the provision of hormone therapy, social accommodations, and surgical interventions when clinically indicated.  In addition, in 2017, BOP issued the "Transgender Offender Manual," which called for individualized assessment for hormone therapy and other treatment in accordance with BOP's clinical guidelines and also set forth the clothing and commissary policies applicable to transgender inmates.  First Thompson Decl. ¶¶ 28, 32–44, 38 and Ex. B thereto, ECF No. 7-3.  To implement these policies, BOP's Health Services Division created a Transgender Clinical Care Team made up of physicians, pharmacists, and social workers.  *Id.* ¶ 33, Ex. C thereto at 1.  BOP also created a Transgender Executive Council, which was the "decisionmaking body on all issues affecting the transgender

19

population."  *Id.* ¶ 31, Ex. B thereto at 4.  That body included senior correctional leaders from BOP's Women and Special Populations Branch as well as BOP's senior psychologist, psychiatrist, security expert, and medical administrator.  *Id.* ¶ 31.

And yet, the government does not meaningfully discuss this experience anywhere in the 43-page Policy Memo supporting the Program Statement.  Despite providing gender-affirming care to inmates in its custody for years, the government cites in the Program Statement zero evidence from its own medical or mental health professionals to support its conclusions.  Moreover, the government does not point the Court to evidence that gender-affirming care was ineffective or harmful to its own inmates diagnosed with gender dysphoria, or that providing this care previously led to security concerns at BOP facilities.

In its opposition to Plaintiffs' motion, the government argues that the APA does not require it to scrutinize "any particular documents" concerning inmates' treatment histories under the prior policy, "especially here where many of the BOP senior officials who wrote, consulted[,] and applied the previous BOP policy were also responsible for evaluating, implementing, and ultimately formulating" the Program Statement.  Opp'n at 32, ECF No. 186.  The government claims that "those officials" used their "experience with the prior policy to help formulate the 2026 Policy."  *Id.* at 31 (internal quotation marks omitted).  But this claim is not supported by the Policy Statement or the AR, and instead, it comes solely from the declaration of BOP Medical Director Dr. Elizabete Stahl, which appears in the record for the first time as an attachment to Defendants' opposition.  *See generally* Stahl Decl., ECF No. 186-3.

Notwithstanding the fact that Dr. Stahl goes on to essentially concede that the government did *not* consider its own experience, *see id.* ¶ 16 (attesting that the treatment histories of BOP inmates would not be helpful because "there is not a vetted, or validated clinical instrument that

20

measures the success or failure of gender dysphoria treatment"), her declaration cannot be credited. "It is a foundational principle of administrative law that judicial review of agency action is limited to the grounds that the agency invoked when it took the action." *Dep't of Homeland Sec. v. Regents of the Univ. of Cal.*, 591 U.S. 1, 20 (2020) (internal quotation marks omitted). Post-hoc rationalizations during litigation cannot replace the type of reasoned analysis the government must undertake at the front end. *See American Textile Mfrs. Inst., Inc. v. Donovan*, 452 U.S. 490, 539 (1981) (stating that "the post-hoc rationalizations of the agency or the parties to this litigation cannot serve as a sufficient predicate for agency action."). Here, the government does not invoke this evidence from Dr. Stahl anywhere in the administrative record. Moreover, Dr. Stahl's declaration is dated May 12, 2026—nearly three months after BOP formally announced the Program Statement. Stahl Decl. at 7, ECF No. 186-3. Thus, Dr. Stahl's post-hoc statements cannot ameliorate the government's failure to demonstrate that it meaningfully considered its prior experience.

Accordingly, the Court finds that the Program Statement amounts to arbitrary and capricious agency action because the government failed to seriously consider its own experience providing gender-affirming care to inmates for years under its prior policy.

### (ii) The Program Statement is Objectively Unreasonable Given the Evidence Before the Agency.

The Program Statement is separately arbitrary and capricious because it reaches a conclusion "so implausible that it could not be ascribed to a difference in view or the product of agency expertise," as evidenced by its explanation, which "runs counter to the evidence before the agency." *Evergreen Shipping Agency (Am.) Corp. v. Federal Mar. Comm'n*, 106 F.4th 1113, 1117 (D.C. Cir. 2024) (quoting *State Farm*, 463 U.S. at 43). "Such illogical decisions are not rationally

21

connected to the facts and are thus arbitrary and capricious." *Markel v. Del Toro*, 2025 WL 304875, at *6 (D.D.C. Jan. 27, 2025).

Instead of relying on BOP's own medical or mental health professionals, the agency supports its new policy with a declaration by a doctor it retained specifically for this litigation, who has limited experience treating gender dysphoria, and who promotes a treatment for gender dysphoria that he himself acknowledges is not evidence based. *See* Kaliebe Tr. at 9–10 (20:9–21:10), ECF No. 179-5 (conceding minimal experience treating individuals diagnosed with gender dysphoria); *id* at 46–47 (144:9–145:4) (admitting that no evidence supports psychotherapy as a treatment for gender dysphoria). But as Plaintiffs have demonstrated, the evidence before the agency suggests that denying gender-affirming care to patients for whom such care is medically necessary can lead to a deterioration in mental health and increase depression, anxiety, and self-harm rates. *See* First Karasic Decl. ¶¶ 39, 80–85, ECF No 7-2. And whereas the government provides no support for its assertion that gender-affirming care could increase self-harm, Policy Memo at 24, ECF No. 160-2, Plaintiffs' experts—who unlike Dr. Kaliebe, have considerable experience treating gender dysphoric patients—testify that this claim is unfounded, Third Karasic Decl. ¶ 49, ECF No. 179-2; Second Thompson Decl. ¶ 29, ECF No. 179-4.

An agency's judgment "must be based on logic and evidence, not sheer speculation." *Council of Parent Att'ys and Advocates v. Devos*, 365 F. Supp. 3d 28, 51 (D.D.C. 2019) (quoting *Sorenson Commc'ns Inc. v. F.C.C.*, 755 F.3d 702, 708 (D.C. Cir. 2014)) (cleaned up). Banning evidence-backed care for an alternative that has no evidentiary support is an "implausible strategy" to treat gender dysphoria, *Bedford Cnty. Mem'l Hosp. v. Health & Hum. Servs.*, 769 F.2d 1017, 1022 (4th Cir. 1985), to say the least. Nor can the government's attacks on the WPATH standards of care overcome decades of research and clinical experience demonstrating the efficacy of gender-

22

affirming care. *See* Third Karasic Decl. ¶ 60, ECF No. 179-2. Thus, the government has not demonstrated a reasonable basis to adopt a policy prohibiting this care. Because the Program Statement does not follow from the evidence in the record, it is likely arbitrary and capricious.

> *(iii) The Program Statement is Pretextual and Reverse Engineered to Implement EO 14168.*

Finally, Plaintiffs contend that the Program Statement violates the APA because it is pretextual, preordained, and reverse engineered in response to this litigation to implement EO 14168's directives. Mot. at 34–36, ECF No. 179-1. To support this claim, Plaintiffs point to identical language contained in the Program Statement and the EO, BOP's failure to consider its prior experience, and the lack of a rational connection between the evidence and BOP's new policy. *Id.* Defendants counter that the Program Statement could not be pre-ordained because it is the result of approximately 12 months of study, and in any event the policy *is* rationally connected to the facts found during that time. Opp'n at 30–31, ECF No. 186. The Court is not convinced.

When the record reveals that an agency "preordained [its] decision," *Miot v. Trump*, 818 F. Supp. 3d 126, 175 (D.D.C. 2026), *cert granted before judgment*, 2026 WL 731087 (U.S. Mar. 16, 2026), and the agency merely "reverse engineered" a policy to justify the same outcome— thereby engaging in a "pretextual" action, *Saget v. Trump*, 375 F. Supp. 3d 280, 361 (E.D.N.Y. 2019) (quoting *Cowpasture River Pres. Ass'n v. Forest Serv.*, 911 F.3d 150, 176 (4th Cir. 2018)), that is itself a violation of the APA. Based on the existing record, the Court finds that is the case here.

Recall that the stated intent of the Program Statement "is for federal funds to not be expended for any medical procedure, treatment, or drug for the purpose of conforming an inmate's appearance to that of the opposite sex." Program Statement 5260.01 § 8, at 9, ECF No. 125. That

23

language comes directly from EO 14168, a fact the Program Statement acknowledges directly. *Id.* § 5, at 5–6 ("Executive Order 14,168 . . . prohibits the Bureau from expending federal funds for 'any medical procedure, treatment, or drug for the purpose of conforming an inmate's appearance to that of the opposite sex' . . . . The Bureau will comply with this Executive Order unless compliance with the Executive Order is prohibited by a court injunction or court order."). Nevertheless, BOP insists that, even though the EO "supports this policy, the Bureau also adopts this policy independently" of the EO. *Id.* § 5, at 6. As Plaintiffs say, "[t]he suggestion that BOP happened to independently reach the same result as the one required by the EO is preposterous." Mot. at 36, ECF No. 179-1. It is more likely, given the record before the Court, that the government disregarded significant evidence in its possession to reach the EO's mandated result.

The Court's conclusions in subsections (B)(2)(*i*)–(*ii*) provide further evidence of pretext. If the government intended to form a policy based on the evidence, one would expect it to have seriously considered its own experience providing gender-affirming care to inmates in its custody. Moreover, the government would not have concluded that this care is "not medically necessary" and "poses security and prison-administration concerns" despite ample record evidence to the contrary. Plaintiffs theorize that after this Court enjoined BOP's original Implementing Memoranda for lack of even a basic explanation, the agency "cherry-picked" materials to support the same predetermined policy choice. Mot. at 36, ECF No. 179-1 (quoting *Afr. Communities Together v. Noem*, 2026 WL 395732, at *10 (D. Mass. Feb. 12, 2026)). The government disputes this series of events. Instead, it argues that the new policy is more than a mere repacking of the 2025 Implementing Memoranda because it took nearly 12 months to create. This argument is unavailing. No length of consideration can convince the Court that a policy is anything other than pretext when the agency has not demonstrated that it considered the relevant evidence and drew a

24

reasonable conclusion from that evidence. Because the Program Statement appears to be pretextual, it is arbitrary and capricious under the APA.

Having found that BOP's prohibition on gender-affirming care is likely arbitrary and capricious under the APA, the Court leaves Plaintiffs' Eighth Amendment claims for another day.

## C. The Plaintiffs Have Shown Sufficient Likelihood of Irreparable Harm

To obtain a preliminary injunction, Plaintiffs must demonstrate that irreparable injury "is likely in the absence of an injunction." *Winter*, 555 U.S. at 22 (emphasis omitted). Irreparable harm results where damages cannot adequately compensate for the loss if the injunction is denied. *National Senior Citizens Law Center, Inc. v. Legal Services Corp.*, 581 F. Supp. 1362, 1372 (D.D.C. 1984).

Recall that all class members have "a current diagnosis of gender dysphoria or [will] receive such a diagnosis in the future." Mem. Op. at 27, ECF No. 67. Plaintiffs have put forward evidence that gender-affirming care is the only effective treatment for gender dysphoria, and that severe harms flow from the cessation of such care. While not every class member requires the same treatment for their gender dysphoria, Plaintiffs argue that irreparable harm flows from the government's categorical ban on the only type of care that is effective at treating their condition. On this record, the Court finds that Plaintiffs have carried their burden of showing irreparable harm.

### 1. Efficacy of Gender-Affirming Care

Through their expert, Dr. Dan Karasic, Plaintiffs assert that a substantial body of research and clinical experience has proven that gender-affirming care is effective in treating gender dysphoria, and that this conclusion is widely held in the medical community. First Karasic Decl. ¶¶ 72–76, 78, ECF No. 7-2; Third Karasic Decl. ¶¶ 32–35, ECF No. 179-2. According to Dr.

25

Karasic, every major medical and mental health professional organization in the United States recognizes the efficacy of gender-affirming care, including the American Medical Association, the American Psychological Association, the American Psychiatric Association, and the Endocrine Society. Third Karasic Decl. ¶ 33, ECF No. 179-2; *see also id.* ¶ 11 (opining that "social transition and hormone therapy for the treatment of adults with gender dysphoria are not the subject of controversy or debate within the medical and mental health fields" and that "[t]o the extent there is any controversy about these treatments in public discourse, it is limited to the context of pediatric patients with gender dysphoria"). Dr. Karasic further attests that, those "[f]or whom gender affirming medical care is indicated, no alternative treatments have been demonstrated to be effective." First Karasic Decl. ¶ 70, ECF No. 7-2. "Denying patients with gender dysphoria the ability to socially transition or obtain gender-affirming medical care where indicated predictably will lead to significant deterioration in mental health." *Id.* ¶ 82.

It's true that the government puts forward some evidence to contest these conclusions. *See* Kaliebe Decl., ECF No. 160-3. There is, however, a clear winner in the battle of the experts. Only Plaintiffs have put forward evidence attested to by medical professionals with meaningful experience treating people with gender dysphoria. The government's evidence comes principally from Dr. Kaliebe, a psychiatrist hired by DOJ to be its "psychiatric expert." Stahl Decl. ¶ 41, ECF No. 186-3. As mentioned, Dr. Kaliebe has limited experience treating patients with gender dysphoria. Kaliebe Tr. at 9–10 (20:9–21:10), ECF 179-5 (testifying that he has only ever treated around 6 to 8 adult patients with gender dysphoria out of approximately 20,000 patients over the course of his career). Similarly, BOP's Medical Director, Dr. Stahl, who "consult[ed] with" Dr. Kaliebe, also has little experience treating gender dysphoria. Stahl Decl. ¶¶ 13, 41, ECF No. 186-3 (admitting that she treated a "small number of patients").

What's more, although the government acknowledges that gender dysphoria is a serious disorder, the only treatment options it intends to provide are psychotherapy and psychotropic medication—even though Dr. Kaliebe has previously admitted that there is no evidence showing that psychotherapy is efficacious in treating gender dysphoria, Kaliebe Tr. at 46–47 (144:9–145:4), ECF No. 179-5, and Dr. Stahl has acknowledged that psychotropic medication treats co-morbidities, Stahl Decl. ¶ 6, ECF No. 186-3, not the condition of gender dysphoria itself, *see also* Third Karasic Decl. ¶¶ 41–48, ECF No. 179-2 (agreeing that these treatments do not ameliorate gender dysphoria).

The government also attempts to challenge the efficacy of gender-affirming care by suggesting that there is a lack of "high quality" research backing these treatments. Opp'n at 8, ECF No. 186 (citing AR at 1552). But Dr. Karasic explains that "high quality" research is a term of art generally referring to randomized controlled trials, while all other types of research are deemed "low quality" by comparison. Third Karasic Decl. ¶¶ 25–26, ECF No. 179-2. While randomized controlled trials may be the gold standard, they are often infeasible or unethical, and many widely accepted medical treatments are supported only by "low quality" evidence, such as cross-sectional and longitudinal observational studies—the same type and quality of research demonstrating the efficacy of gender-affirming care. *Id.* ¶ 25.

Based on this record, the Court concludes that Plaintiffs have demonstrated that gender affirming care is the only effective treatment for gender dysphoria. The Court now turns to the question of whether denying this medically necessary care gives rise to irreparable injury.

## 2. Consequences of Denying Gender-Affirming Care

The named plaintiffs, along with other class members, have described the harms they faced when BOP previously denied them hormone therapy. Declaration of Alishea Sophia Kingdom

27

("Kingdom Decl.") ¶¶ 21–22, ECF No. 7-4 (experiencing symptoms including anxiety, panic attacks, thoughts of self-harm and suicidal ideation when hormone therapy was withdrawn); Third Declaration of Solo Nichols ("Third Nichols Decl.") ¶ 3, ECF No. 179-7 (experiencing hot flashes, rapid mood swings, insomnia, and "unreasonable sad[ness]"); Third Kapule Decl. ¶¶ 2–9, ECF No. 179-8 (experiencing depression, anxiety, and worsening gender dysphoria); Declaration of Rebecca-James Meskill ("Meskill Decl.") ¶ 12–13, ECF No. 107-11 (experiencing worsening mental health and "feeling diminished in every aspect of life" due to "re-masculinizing" body). The government insists that this time will be different because it will provide class members with "individualized" tapering plans for their hormone therapy, along with mental health counseling. *See* Opp'n at 41–44, ECF No. 186. But even if the government's tapering process mitigates severe withdrawal symptoms, it will "not prevent the predictable serious harms of denying hormone therapy to those who have a medical need for it." Third Karasic Decl. ¶ 19, ECF No. 179-2. Put simply, there is reason to believe, based on the record, "that withdrawing people from hormone therapy they have been receiving to treat gender dysphoria"—regardless of the rate of tapering and regardless of the availability of psychotherapy—will "cause[e] significant mental health distress." *Id.* ¶ 21. And the same is true of the government's plan to confiscate class members' social accommodations. *Id.* ¶ 9; *see also* Supplemental Declaration of Solo Nichols ("Nichols Supp. Decl.") ¶ 6, ECF No. 56-1 (describing worsening mental health and gender dysphoria absent social accommodations); Declaration of Grace Pinson ("Pinson Decl.") ¶ 20, ECF No. 107-2 (same); Declaration of Valerie Simpkins ("Simpkins Decl.") ¶ 13, ECF No. 107-4 (same); Declaration of Justine Finley ("Finley Decl.") ¶ 11, ECF No. 107-6 (same); Declaration of Tiffany Larson ("Larson Decl.") ¶ 16, 107-12 (same); Declaration of Gigi Auliyaa ("Auliyaa Decl.") ¶ 9, ECF No. 107-13 (same).

28

The government next argues that under *Doe v. Blanche*, 172 F.4th 901 (D.C. Cir. 2026), the Court is required to make individualized findings of each class member's risk. But in *Doe*, the Circuit held that fact-finding was required because the plaintiffs in that case expressly disclaimed the argument that BOP's categorical ban on housing transgender women in women's prisons was unlawful as to every transgender woman in BOP's custody. *See id.* at 916–18. Rather, the *Doe* plaintiffs argued on appeal that they possessed certain characteristics that made them particularly vulnerable to being housed in men's facilities. *Id.* at 916. Here, Plaintiffs argue that the government's categorical ban—which precludes medical professionals from prescribing a gender-affirming treatment plan based on an inmate's unique needs—puts all class members at risk of being denied medically necessary care. Unlike in *Doe*, the *Kingdom* class members are injured by virtue of their gender dysphoria diagnosis alone, making individualized findings unnecessary for irreparable harm purposes.

The record shows that denying class members gender-affirming hormone therapy and social accommodations will cause irreparable injuries, including the exacerbation of their gender dysphoria and increased risk of depression, anxiety, self-harm (including attempts to self-castrate), and suicidality. First Karasic Decl. ¶¶ 72, 83–86, ECF No. 7-2; *see also* Third Karasic Decl. ¶¶ 18–25, ECF No. 179-2 (detailing the harms associated with withholding medically necessary care to treat gender dysphoria). Plaintiffs have therefore carried their burden of showing irreparable harm.

**D. The Balance of the Equities and the Public Interest Favor an Injunction**

Where, as here, "the Government is the opposing party," the balance-of-equities factor and the public-interest factor "merge," *Nken*, 556 U.S. at, because "the government's interest *is* the public interest," *Pursuing Am.'s Greatness v. Fed. Election Comm'n*, 831 F.3d 500, 511 (D.C. Cir. 2016). As this Court noted in its prior opinion, the "only deleterious public effect of the Court's

29

injunction will be to require that, during the pendency of the litigation, [] BOP will continue to shoulder" the "administrative cost" of gender-affirming care, which it had voluntarily "borne for many years prior" to the commencement of this action. Mem. Op. at 26, ECF No. 67. The same remains true today. Then, as now, the equities tilt in Plaintiffs' favor because their interests in receiving medically prescribed treatment outweighs the minimal cost to the government of continuing such treatment. The government also emphasized its interest in effectuating the administration's agenda, Opp'n at 44, ECF No. 186, but that consideration is outweighed by the public's interest in the government's adherence to the law.

Finally, the government raises the specter of prison safety, asserting that gender-affirming care leads to security and prison-administration concerns. *Id.* at 37. Though the Court does not discount the possibility that a highly feminized transgender woman faces threats to her safety in a men's facility (or that a highly masculinized transgender man faces the same in a women's facility), the government has not cited a single instance of gender-affirming care giving rise to safety concerns despite having provided such care for many years. This failure is conspicuous. The Court's previous injunction has been in place for more than a year, yet the government provides no evidence of gender-affirming care giving rise to prison safety issues during this time.

The balance of the equities therefore favor Plaintiffs.

### E. No Bond Should Be Required

Federal Rule of Civil Procedure 65(c) provides that "[t]he court may issue a preliminary injunction . . . only if the movant gives security in an amount that the court considers proper to pay the costs and damages sustained by any party found to have been wrongly enjoined." Fed. R. Civ. P. 65(c). "Courts in this Circuit have found the Rule vests broad discretion in the district court to determine the appropriate amount of an injunction bond, including the discretion to require no

30

bond at all." *P.J.E.S. v. Wolf*, 502 F. Supp. 3d 492, 520 (D.D.C. 2020) (cleaned up).  Here, Plaintiffs seek an injunction of illegal conduct by a government agency, and because there is little risk of monetary harm to Defendants if they are eventually found to be wrongfully enjoined, the Court will waive the requirement for an injunction bond.

## IV.    CONCLUSION

For the foregoing reasons, Plaintiffs' Motion for a Preliminary Injunction will be **GRANTED**. Defendants, their contractors, employees, and agents are enjoined (1) from enforcing Program Statement 5260.01, and (2) are ordered to provide Plaintiffs and class members gender-affirming care in accordance with BOP policy and practice in effect immediately prior to the issuance of the EO on January 20, 2025.  Additionally, Program Statement 5260.01 is stayed pursuant to 5 U.S.C. § 705.  A separate Order consistent with this Opinion shall issue.

As stated, the Court does not wade into the culture war being waged against transgender individuals.  The Court simply concludes that the government violated the APA when it issued a new policy restricting the provision of gender-affirming care to inmates diagnosed with gender dysphoria.

Date:    June 17, 2026

Royce C. Lamberth
United States District Judge

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

ALISHEA KINGDOM, *et al.*,

    *Plaintiffs,*

v.

                                   **Case No. 1:25-cv-691-RCL**

DONALD TRUMP, *et al.*,

    *Defendants.*

**ORDER GRANTING PLAINTIFFS' MOTION FOR AN
UPDATED PRELIMINARY INJUNCTION AND TO STAY AGENCY ACTION**

Upon consideration of [179] Plaintiffs' Motion for an Updated Preliminary Injunction and to Stay Agency Action ("Motion"), the opposition and reply, and the entire record herein,

It appearing to the Court that Plaintiffs are likely to succeed on the merits of their action, that they will suffer irreparable injury if the requested relief is not issued, and that the balance of the equities and public interest favor the entry of such an order, it is therefore

**ORDERED** that Plaintiffs' Motion is **GRANTED**; it is further

**ORDERED** that the Bureau of Prisons' ("BOP") February 19, 2026 Program Statement 5260.01 (the "Program Statement") is stayed pursuant to 5 U.S.C. § 705. It is further

**ORDERED** that Defendants Todd Blanche, William K. Marshall, III, Christopher A. Bina, Dana R. DiGiacomo, and Shane Salem, in their official capacities, and their contractors, employees, and agents (i) are enjoined from enforcing Program Statement 5260.01, and (ii) shall provide and continue providing Plaintiffs and class members with gender-affirming care in accordance with BOP policy and practice in effect immediately prior to the issuance of Executive Order 14168 on January 20, 2025. It is further

1

**ORDERED** that this injunction shall be effective upon service on the Defendants, and no bond shall be required.

In accordance with the Prison Litigation Reform Act, the Court finds that this preliminary injunction is narrowly drawn, extends no further than necessary to correct the harm that the Court finds requires preliminary relief, and is the least intrusive means necessary to correct that harm. 18 U.S.C. § 3626(a)(2). Plaintiffs have shown a substantial likelihood of success on their claims that application of the Program Statement to class members would be unlawful and would cause them immediate, irreparable harm. Because applying the Program Statement to Plaintiffs and class members would cause such serious and irreparable harm, a preliminary injunction preventing such application is necessary to correct the harm and is the least intrusive means necessary to do so. Furthermore, because this preliminary injunction prevents the application of the Program Statement, and Plaintiffs have demonstrated a likelihood of success on the merits and immediate, irreparable harm if that application is not enjoined, this Order extends no further than necessary to correct the harm that requires this preliminary relief. Finally, this Court has considered any adverse impact on public safety or on the operation of the criminal justice system caused by this relief and has given substantial weight to such impacts. After this consideration, the Court has concluded and so finds that no adverse impacts on public safety or the operation of the criminal justice system will result from maintaining the status quo of the class members' medical care while this litigation proceeds.

**IT IS SO ORDERED.**

Date:  _____June 17, 2026_____                    _Royce C. Lamberth_
                                                  Royce C. Lamberth
                                                  United States District Judge

2

75