# United States Court of Appeals

FOR THE DISTRICT OF COLUMBIA CIRCUIT

---

**No. 26-5236** **September Term, 2026**

**1:25-cv-00691-RCL**

**Filed On:** September 18, 2026

Alishea Sophia Kingdom, Reg. No. 13131-089, et al.,

Appellees

v.

Donald J. Trump, in his official capacity as President of the United States, et al.,

Appellants

------------------------------

Consolidated with 26-5310

**BEFORE:** Wilkins, Walker[*], and Garcia, Circuit Judges

**O R D E R**

Upon consideration of the motion for stay pending appeal filed in No. 26-5236, the opposition thereto, and the reply; and the letter filed September 3, 2026, which the court construes as a motion to stay the district court's August 26, 2026, order on appeal in No. 26-5310; it is

**ORDERED** that the motion for stay in No. 26-5236 be dismissed as moot. It is

**FURTHER ORDERED** that the motion for stay in No. 26-5310 be denied. Appellants have not satisfied the stringent requirements for a stay pending appeal. See Nken v. Holder, 556 U.S. 418, 434 (2009); D.C. Circuit Handbook of Practice and Internal Procedures 33 (2026).

Appellants have not shown a strong likelihood of success on the question of whether Program Statement 5260.01 is arbitrary and capricious because the Bureau of

---

[*] Circuit Judge Walker would grant the motion to stay in No. 26-5310 for the reasons in the attached dissenting statement.

Prisons (BOP) did not adequately consider its own experience providing gender-affirming care under its prior policy. See Int'l Dark-Sky Ass'n, Inc. v. FCC, 106 F.4th 1206, 1213 (D.C. Cir. 2024) ("An action is arbitrary and capricious when the agency relies on inappropriate factors, fails to consider important aspects of the problem, or ignores relevant evidence."); Butte Cnty., Cal. v. Hogen, 613 F.3d 190, 194 (D.C. Cir. 2010) (explaining that "an agency's refusal to consider evidence bearing on the issue before it constitutes arbitrary agency action"). For example, BOP makes claims about the security impact of providing gender-affirming care without addressing whether such issues have occurred.

Moreover, appellants have not made a strong showing that the district court's order violates the PLRA or improperly grants class-wide relief. Additionally, appellants' argument that the district court's order is overbroad to the extent it affects the Program Statement's provisions regarding surgical procedures is likely forfeited because it was not raised first in the district court. See Gov't of Manitoba v. Bernhardt, 923 F.3d 173, 179 (D.C. Cir. 2019) ("Absent exceptional circumstances, a party forfeits an argument by failing to press it in district court.").

Because appellants have not made a strong showing that they are likely to succeed on the merits, it is not necessary to address whether they have established irreparable harm or whether the remaining factors favor a stay.

The Clerk is directed to enter a briefing schedule.

**Per Curiam**

**FOR THE COURT:**
Clifton B. Cislak, Clerk

BY: /s/
Selena R. Gancasz
Deputy Clerk

WALKER, *Circuit Judge*, dissenting from the denial of the stay in 26-5310:

In February 2026, the Bureau of Prisons issued Program Statement 5260.01, titled "Management of Inmates with Gender Dysphoria." It announced the BOP's decision to "prioritize[]" psychotherapy in the treatment of federal inmates' gender dysphoria.[1]

The Program Statement also announced, among other things, three policies related to that decision. First, the BOP will no longer provide "sex trait modification surgeries."[2] Second, the BOP will not start inmates on hormone therapy, and each inmate currently receiving hormones will begin an individualized "tapering plan."[3] Third, the BOP will no longer provide "social accommodations" like makeup and wigs, and "when practicable," the BOP will "remove or confiscate the social accommodations" previously provided.[4]

On June 17, the district court issued an order, set to expire 90 days from then, that preliminarily enjoined the Government from executing Program Statement 5260.01. On August 26, the district court reissued the preliminary injunction with a new order set to expire 90 days later.

I would grant the Government's motion to stay the district court's August 26 order.[5] "The government has established that it is likely to succeed on the merits . . . , that it would likely

---

[1] Add. 39.

[2] *Id.* at 40–41.

[3] *Id.*

[4] *Id.* at 41.

[5] The Government's motion to stay the June 17 order is moot because that order expired on September 15. *Cf.* Order at 1 (construing the Government's September 3, 2026, letter "as a motion to stay the district court's August 26, 2026, order").

suffer irreparable harm without a stay, and that the balance of equities tips in its favor."[6]

The government is likely to succeed on the merits because the district court lacks the authority to reissue the 90-day preliminary injunction first issued on June 17. In *Doe v. Blanche*, Judge Randolph explained why the "practice of issuing rolling injunctions" exceeds the limits imposed on courts by the Prison Litigation Reform Act.[7] The question remains open in our circuit,[8] and though the panel in *Doe* found waiver on the record there,[9] I would not find waiver on the different and still-developing appellate record before us in this new appeal.

The Government will likely suffer irreparable harm without a stay because "[t]he Government is irreparably harmed by 'an improper intrusion by a federal court into the workings of a coordinate branch of the Government.'"[10] And

---

[6] *National Park Service v. National Trust for Historic Preservation in the United States*, No. 26A203, slip op. at 2 (U.S. Aug. 31, 2026).

[7] 172 F.4th 901, 926, 930 (D.C. Cir. 2026) (Randolph, J., dissenting).

[8] *See id.* at 912 (majority op.).

[9] *See id.*

[10] *Kingdom v. Trump*, No. 26-5181, 2026 WL 1905418, at *2 (June 17, 2026) (quoting *Miot v. Trump*, No. 26-5050, 2026 WL 659420, at *4 (Mar. 6, 2026) (Walker, J., dissenting)); *see also Trump v. California*, Nos. 26A124 and 26A139, slip op. at 8 (U.S. Aug. 24, 2026) (per curiam) (granting a stay of a district court's injunction because that injunction "interfere[d] with the internal operations of the Executive Branch."); *Mullin v. Doe*, 146 S.Ct. 2121, 2127, 2133 (2026) (rejecting sub silentio our court's contention in *Miot*, 2026 WL 659420 at *1–2, that "generalized assertions of injury are insufficient to support a stay pending appeal" (cleaned up)); *Trump v. CASA*, 606 U.S. 831, 859 (2025) ("When a federal court enters a universal injunction against the Government, it improperly intrudes

the balance of equities tips in the Government's favor for the reasons already considered when, on June 17, this court stayed the preliminary injunction obtained by this same class of plaintiffs against these same defendants.[11]

I therefore respectfully dissent.

---

on a coordinate branch of the Government and prevents the Government from enforcing its policies against nonparties." (cleaned up)); *Maryland v. King*, 567 U.S. 1301, 1303 (2012) (Roberts, C.J., in chambers) ("Any time a State is enjoined by a court from effectuating statutes enacted by representatives of its people, it suffers a form of irreparable injury." (cleaned up)); *American Foreign Service Association v. Trump*, No. 25-5184, 2025 WL 1742853, at *3 (D.C. Cir. June 20, 2025) ("The district court's preliminary injunction inflicts irreparable harm on the President by interfering with the national-security determinations entrusted to him by Congress."); *Media Matters for America v. FTC*, No. 25-5302, 2025 WL 2988966, at *19 (D.C. Cir. Oct. 23, 2025) (Walker, J., dissenting) ("The FTC has an interest in lawfully 'enforcing consumer protection laws,' and it was irreparably harmed when the district court enjoined its lawful activity." (cleaned up)); William Baude et al., *Hart & Wechsler's The Federal Courts and the Federal System* 388 (8th ed. 2025) ("The rule in *Maryland v. King* — that the government as applicant for emergency relief suffers irreparable injury whenever its statutes (or regulations) are enjoined — appears now to be followed by most of the Justices. The satisfaction of the irreparable harm prong in any case where the government seeks emergency relief from an injunction of one of its programs is an important reason why, in such instances, the Court's analysis of the merits predominates." (citing *Abbott v. Perez*, 585 U.S. 579, 602 n.17 (2018); *Republican Party of Pennsylvania v. Degraffenreid*, 141 S. Ct. 732, 733 (2021) (Thomas, J., dissenting from denial of certiorari); *Little v. Reclaim Idaho*, 140 S. Ct. 2616, 2617 (2020) (Roberts, C.J., joined by Alito, Gorsuch, and Kavanaugh, JJ., concurring in grant of stay))).

[11] *Kingdom*, 2026 WL 1905418 at *1–2.